## EVANSVILLE AND BOWLING GREEN PACKET COMPANY *v.* CHERO COLA BOTTLING COMPANY ET AL.

APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF INDIANA.

No. 127. Argued January 13, 1926.—Decided April 12, 1926.

A wharfboat, in a river, used as an office, warehouse, and wharf, but not used or capable of use as a means of transportation, *held* not a "vessel" within the law allowing limitation of liability. Rev. Stats. § 4283; Act of June 19, 1886, 24 Stat. 79. P. 22.
Affirmed.

APPEAL from a decree of the District Court dismissing, for want of jurisdiction, a petition in admiralty for limitation of liability.

*Mr. Chauncey I. Clark,* with whom *Mr. Phelps F. Darby* was on the brief, for appellant.

*Messrs. James T. Cutler* and *Paul H. Schmidt,* with whom *Messrs. Joseph H. Iglehart* and *Isidor Kahn* were on the brief, for appellees.

MR. JUSTICE BUTLER delivered the opinion of the Court.

Appellant owned a wharfboat in the Ohio River at Evansville, Indiana. May 14, 1922, it sank, causing dam-

age to appellees' merchandise thereon.  Appellant filed a
petition in admiralty for limitation of liability.  Appel-
lees answered; and, after a trial at which much evidence
as to the character of the structure was given, the District
Court found that it was not a vessel within the meaning
of the statutes sought to be invoked; held that the court
was without jurisdiction, and dismissed the cause.  The
appeal is under § 238, Judicial Code, and the question of
jurisdiction alone is certified.

Section 4283, Revised Statutes, provides: " The liability
of the owner of any vessel, for any embezzlement, loss, or
destruction, by any person, of any property, goods, or
merchandise, shipped or put on board of such vessel, or
for any loss, damage, or injury by collision, or for any act,
matter, or thing, lost [loss], damage, or forfeiture, done,
occasioned, or incurred, without the privity, or knowledge
of such owner or owners, shall in no case exceed the
amount or value of the interest of such owner in such
vessel, and her freight then pending."  Section 3, Revised
Statutes, provides: " The word ' vessel ' includes every
description of water-craft or other artificial contrivance
used, or capable of being used, as a means of transporta-
tion on water."  The Act of June 19, 1886, § 4, c. 421, 24
Stat. 79, 80, makes the provisions relating to limitation
of liability apply to " all vessels used on lakes or rivers or
in inland navigation, including canal-boats, barges, and
lighters."

Appellant was engaged in operating steamboats be-
tween Evansville and places on the Green River in Ken-
tucky.  The wharfboat in question was built in 1884 and
was used at Hopefield, Arkansas, on the Mississippi River.
In 1901 it was towed to Madison, Indiana, where it was
overhauled, and then to Louisville, Kentucky, where it
was used.  In 1910, after more repairs at Madison, it was
taken to Evansville.  Appellant acquired it in 1915.  Each
winter it was towed to Green River harbor to protect it

from ice. While in use at Evansville it was secured to the shore by four or five cables and remained at the same point except when moved to conform to the stage of the river. The lower part of the structure was rectangular, 243 feet long, 48 feet wide and six feet deep. It was built of wood and, to strengthen it and keep the water out, was lined around the sides and ends, extending 18 or 20 inches from the bottom, with concrete eight inches thick. It had no machinery or power for propulsion and was not subject to government inspection as are vessels operated on navigable waters. There was plumbing in the structure, and it was connected with the city water system; it obtained current for electric light from the city plant, and had telephone connections. Appellant's office and quarters for the men in charge were located in one end of the structure. There were floats and an apron making a driveway between the land and a door near each end. The wharfboat was used to transfer freight between steamboats and land and from one steamboat to another. Some shippers paid fixed monthly charges for storage of their goods on the structure and for services in transferring them to and from steamboats. Charges made for services performed by its use were for storage and handling and not for transportation.

The rule of limited liability of owners of vessels is an ancient one. It has been administered in the courts of admiralty in Europe from time immemorial and by statute applied in England for nearly two centuries. See *Providence & New York S. S. Co.* v. *Hill Mfg. Co.*, 109 U. S. 578, 593; *The Main* v. *Williams*, 152 U. S. 122, 127. Our statutes establishing the rule were enacted to promote the building of ships, to encourage the business of navigation, and in that respect to put this country on the same footing with other countries. See *Moore* v. *American Transportation Co.*, 24 How. 1, 39; *Norwich Company* v. *Wright*, 13 Wall. 104, 121. The rule should be

applied having regard to the purposes it is intended to subserve and the reasons on which it rests.

The only question presented is whether appellant's wharfboat was a " vessel " at the time it sank. It was an aid to river traffic, but it was not used to carry freight from one place to another. It was not practically capable of being used as a means of transportation. It served at Evansville as an office, warehouse and wharf, and was not taken from place to place. The connections with the water, electric light and telephone systems of the city evidence a permanent location. It performed no function that might not have been performed as well by an appropriate structure on the land and by a floating stage or platform permanently attached to the land. It did not encounter perils of navigation to which craft used for transportation are exposed. There appears to be no reason for the application of the rule of limited liability. Many cases, involving a determination of what constitutes a vessel within the purview of the statute have been before the courts; but no decision has been cited, and we have found none, that supports the contention that this wharfboat was a vessel. Cf. *Cope* v. *Valette Dry Dock Co.*, 119 U. S. 625, 629; *The Robert W. Parsons*, 191 U. S. 17, 30; *Ruddiman* v. *A Scow Platform*, 38 Fed. 158; *Patton-Tully Transportation Co.* v. *Turner*, 269 Fed. 334, 337.

*Decree affirmed.*