## PALADINI et al. v. FLINK.

Circuit Court of Appeals, Ninth Circuit.
April 30, 1928.

Petition for Modification of Opinion Denied
May 14, 1928.

No. 5281.

1. **Shipping** ⬅⟹203—**State constitutional provision relating to liability of stockholders must yield to federal statutes relating to individual liability of shipowners (Const. Cal. art. 12, § 3; 46 USCA §§ 183, 189).**

State constitutions and laws, such as Const. Cal. art. 12, § 3, relating to liability of stockholders, must yield to federal statutes, Rev. St. U. S. § 4283 (46 USCA § 183; Comp. St. § 8021), and 23 Stat. 57 (46 USCA § 189; Comp. St. § 8028), relating to individual liability of shipowners with which it is repugnant, since federal statutes are dominant.

2. **Shipping** ⬅⟹207—**Rule of limited liability of owners of vessels should be applied in action by one injured while employed on vessel (46 USCA §§ 183, 189).**

Rule of limited liability of owners of vessels under 23 Stat. 57 (46 USCA § 189; Comp. St. § 8028), and Rev. St. U. S. § 4283 (46 USCA § 183; Comp. St. § 8021), should be applied in

action by one injured while employed in maritime service on vessel.

**3. Shipping ⬅⟹203—Statute relating to individual liability of shipowners must be given sensible construction (46 USCA §§·183, 189).**

Rev. St. U. S. § 4283 (46 USCA § 183; Comp. St. § 8021), and 23 Stat. 57 (46 USCA § 189; Comp. St. § 8028), relating to individual liability of shipowners, must be given sensible construction, and construction which would lead to absurd consequences should be avoided whenever reasonable application can be given to it consistent with legislative purpose.

**4. Corporations ⬅⟹182—Corporation holds property for its stockholders who are equitable owners.**

While a corporation holds legal title to and right to manage, control, and convey its property, it holds its property for its stockholders who are equitable and beneficial owners.

**5. Shipping ⬅⟹205—Stockholders of California corporation owning vessel held entitled to limit their liability in action by employee for injuries (46 USCA §§ 183, 189; Const. Cal. art. 12, § 3).**

Under Rev. St. U. S. § 4283 (46 USCA § 183; Comp. St. § 8021), and 23 Stat. 57 (46 USCA § 189; Comp. St. § 8028), relating to individual liability of shipowners, stockholders of California corporation owner of vessel *held* entitled to limit their liability in action commenced against them by one injured while employed in maritime service on vessel, notwithstanding Const. Cal. art. 12, § 3, providing that every stockholder of corporation is individually and personally liable for such proportion of all its debts and liabilities as amount of stock owned by him bears to whole of subscribed capital stock.

Appeal from the District Court of the United States for the Southern Division of the Northern District of California.

Petition by Attilio Paladini and others against Andrew Flink for limitation of liability as stockholders of corporation owning tugboat on which claimant was alleged to have been injured. A stay order was issued restraining the further prosecution of law actions by claimant against petitioners, and, from an order vacating the stay order, petitioners appeal. Reversed with directions.

Ira S. Lillick, of San Francisco, Cal. (J. Arthur. Olson, of San Francisco, Cal., of counsel), for appellants.

Ford, Johnson & Bourquin, of San Francisco, Cal., for appellee.

William Denman and Andros, Hengstler & Dorr, all of San Francisco, Cal., amici curiæ.

Before GILBERT, RUDKIN, and DIETRICH, Circuit Judges.

DIETRICH, Circuit Judge. The appellants constitute all the stockholders of A. Paladini, Incorporated, the owner of the tugboat Henrietta. Claiming that on March 9, 1923, he was injured while employed in a maritime service on the vessel, the appellee brought separate actions against the corporation and its stockholders, in the state court and ·also the federal District Court, in California, to recover damages. Thereupon, while ·these actions were pending, appellants filed in the court below their petition for limitation of liability, in which proceeding, following an appraisement of the vessel, an order was made for the issuance of monition against all persons claiming damages, etc., and restraining the further prosecution of the law actions brought by Flink against the petitioners. Thereafter, upon special appearance by Flink, the court granted his motion to vacate the stay order, from which ruling the petitioners appeal.

As fairly stated in appellants' brief, the sole question involved is "whether the stockholders of .a California corporation, which is the legal owner of a vessel, are entitled to limit their liability in an action commenced against them arising out of a claim for personal injuries sustained by a person on board the vessel." Under section 3 of article 12 of the California Constitution, each stockholder of a corporation is "individually and personally liable for such proportion of all its debts and liabilities contracted or incurred, during the time he was a stockholder, as the amount of stock or shares owned by him bears to the whole of the subscribed capital stock, or shares of the corporation." The operation and effect of this provision have had frequent consideration in the courts, and it seems to be well settled that under it stockholders are not merely sureties for the corporation, but their liability is direct and primary. Mokelumne Hill Co. v. Woodbury, 14 Cal. 265; Trindale v. Atwater Canning Co. (Cal. App.) 128 P. 756; Dolbear v. Foreign Mines Dev. Co. (C. C. A.) 196 F. 646; Buttner v. Adams (C. C. A.) 236 F. 105. Stockholders of foreign corporations doing business in California would seem to have the same status (Cal. Civ. Code, § 322; Provident Gold M. Co. v. Haynes, 173 Cal. 44, 159 P. 155), but presently the consideration is not highly material. And, under the view we have taken upon another branch of the case, we do not deem it necessary to discuss whether or not, in the light of recent decisions of the Supreme Court, it is competent for a state to extend the rule into the realm of maritime law, as perhaps was held in Buttner v. Adams, supra.

The principal provisions of the federal statutes invoked by appellants are: "The liability of the owner of any vessel * * * for any act, matter, or thing, loss, damage, or forfeiture, done, occasioned, or incurred, without the privity, or knowledge of such owner or owners, shall in no case exceed the amount or value of the interest of such owner in such vessel, and her freight then pending," R. S. U. S. § 4283 (46 USCA § 183; Comp. St. § 8021); and "the individual liability of a shipowner, shall be limited to the proportion of any or all debts and liabilities that his individual share of the vessel bears to the whole; and the aggregate liabilities of all the owners of a vessel on account of the same shall not exceed the value of such vessels and freight pending, * * * *" 23 Stat. 57 (46 USCA § 189; Comp. St. § 8028).

[1-3] The federal statutes are admittedly dominant, and to these provisions, in case of repugnancy, state Constitutions and laws must yield. The question, therefore, is of the meaning and scope of the federal statutes. That they were enacted to put this country upon the same footing with other countries, and thus to encourage the building of ships and participation in the foreign carrying trade, is well known. "The rule of limited liability of owners of vessels is an ancient one, * * *" and "should be applied having regard to the purposes it is intended to subserve and the reasons on which it rests." Evansville & Bowling Green Packet Co. v. Chero Cola B. Co., 271 U. S. 21, 46 S. Ct. 379, 70 L. Ed. 805; Hartford Accident & Indemnity Co. v. Southern Pacific Co., 273 U. S. 207, 47 S. Ct. 357, 71 L. Ed. 612, decision United States Supreme Court February 21, 1927. In the latter case, after referring to several of its own decisions, the court said: "It is quite evident from these cases that this court has by its rules and decisions given the statute a very broad and equitable construction for the purpose of carrying out its purpose and for facilitating a settlement of the whole controversy," etc. See, also, Oregon R. R. & Nav. Co. v. Balfour (C. C. A.) 90 F. 295; People's Nav. Co. v. Toxey (C. C. A.) 269 F. 793; The Princess Sofia (D. C.) 278 F. 180; The 84-H (C. C. A.) 296 F. 427; The Omar D. Conger (D. C.) 1 F.(2d) 732; Kitsap County Transp. Co. v. Harvey (C. C. A.) 15 F.(2d) 166, 48 A. L. R. 1420. And in view of the consequences which would flow from the adoption of appellee's contention, we are also to bear in mind the general rule that "all laws are to be given a sensible construction; and a literal application of a statute, which would lead to absurd consequences, should be avoided whenever a reasonable application can be given to it, consistent with the legislative purpose." United States v. Katz, 271 U. S. 354, 46 S. Ct. 513, 70 L. Ed. 986.

That the recognition of appellee's view would lead to such consequences is manifest. The purpose of the statute is to encourage contributions of money for the construction and operation of ships, but, under this view, an investor, so contributing through the medium of a holding corporation organized in California, would be wholly without the intended protection, whereas another, so contributing as a stockholder in a like corporation organized in some other state, if not doing business in California, and still another, contributing directly, would be fully protected. Instead of uniformity of results in the operation of a general federal statute, we would have a wide diversity, without any basis at all in reason. And in the case of a California corporation the purpose of the statute would be wholly defeated.

[4] Speaking of the power of the states to legislate in respect to general maritime law, the Supreme Court has said: "And plainly, we think, no such legislation is valid if it contravenes the essential purpose expressed by an act of Congress or works material prejudice to the characteristic features of the general maritime law or interferes with the proper harmony and uniformity of that law in its international and interstate relations." Southern Pacific Co. v. Jensen, 244 U. S. 205, 216, 37 S. Ct. 524, 529, 61 L. Ed. 1086, L. R. A. 1918C, 451, Ann. Cas. 1917E, 900. See, also, Knickerbocker Ice Co. v. Stewart, 253 U. S. 149, 40 S. Ct. 438, 64 L. Ed. 834, 11 A. L. R. 1145. True, the protection of the limitation statute extends only to ship "owners," and, technically speaking, stockholders are not owners; but, in a broad popular sense, and for certain purposes in a legal sense, they are sometimes so regarded. "While a corporation holds the legal title to, and the right to manage, control, and convey, its property, it holds the property for its stockholders, who are the equitable and beneficial owners. * * *" Lynch v. Turrish (C. C. A.) 236 F. 653; Id., 247 U. S. 221, 38 S. Ct. 537, 62 L. Ed. 1087; Newell-Murdoch Realty Co. v. Wickham, 183 Cal. 39, 190 P. 359; Hobbs v. Tom Reed Co., 164 Cal. 497, 129 P. 781, 43 L. R. A. (N. S.) 1112.

[5] We are not to be understood as holding that in a strict sense a corporation is a trustee for its stockholders; nor is it necessary so to hold. By whatever terms we characterize the relation, it remains true that the stockholders are the real investors, and take the perils, not of creditors, but of investors, and it was the purpose of the statute in question to encourage investment by exempting the investor from loss in excess of the fund he is willing to risk in the enterprise. Boston Marine Ins. Co. v. Metropolitan R. L. Co. (C. C. A.) 197 F. 703. When we consider the plain purpose of Congress, and the consequences to which appellee's contentions would lead, and the fact that under the common law, and, as we think, generally under statutory law, when the limitation statutes were enacted, there was no stockholders' liability such as is imposed by the Constitution of California, we may and should conclude that it was the intent of the statute to provide protection to all who take the risk of investment, whether their ownership is direct or indirect.

Accordingly, the order appealed from is reversed, with directions to take further proceedings consistent herewith.