## HAYFORD v. DOUSSONY et al.

Circuit Court of Appeals, Fifth Circuit.
May 17, 1929.

No. 5390.

Eugene S. Hayford, of New Orleans, La., in pro. per.

J. L. Warren Woodville, of New Orleans, La., for appellees.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

WALKER, Circuit Judge. The appellees filed a libel in admiralty against "the Pleasure Boat 'Pirate Ship' or 'City of Marietta'" for the recovery of wages alleged to be owing to them as mariners. The appellant, the owner of the structure proceeded against, duly raised the question of its being subject to the jurisdiction of the court as a court of admiralty. The evidence showed the following: The Pirate Ship, formerly the United States gunboat Marietta, was an old, dilapidated ship of wood and steel construction, which, at considerable expense, had been refitted as an amusement or dance barge, and, after being so refitted, was towed to the Canal street dock at the foot of Canal street in the city of New Orleans, and lay there from March, 1927, until June, 1927, when it was seized under the warrant issued under the libel filed in this cause. The Pirate Ship was secured to the dock, not like an ordinary ship, but with cables and clamps, the cables having eight or ten turns around clusters of piling. A permanent gangway was built ashore, with a house over it extending to the wharf, the gang plank being secured to the hull with seven or eight one-inch pins. Electric wires and water pipes connected the structure with the shore. The structure was intended by its owner to be used, and was used by him, only as a dance platform permanently secured to the dock at all times when so used, and at no time was used or intended to be used for transporting freight or passengers. None of the libelants were employed as mariners or in any way in the capacity of seamen. During the time in 1927 when the Mississippi river was high the Pirate Ship, on the order of the manager for the board of port commissioners, and over the protest of appellant, was towed to the St. Andrews street wharf, and it was towed to West End after the seizure in this case.

The Pirate Ship was not used, or intended to be used, to carry freight or passengers from one place to another, was not an instrument of navigation or commerce, and performed no function that might not have been performed as well by a floating stage or platform permanently attached to the land. A result of it not being a vessel or instrument of navigation or commerce engaged in any maritime venture was that a maritime lien did not attach for the compensation for the services rendered by any of the libelants. Evansville & Bowling Green Packet Co. v. Chero Cola, etc., Co., 271 U. S. 19, 46 S. Ct. 379, 70 L. Ed. 805; J. C. Penney-Gwinn Corporation v. McArdle (C. C. A.) 27 F.(2d) 324. The fact that for purposes foreign to those for which it was intended and adapted to be used it was towed to and from the place where it was used for dancing and amusement was not enough to bring it within the admiralty jurisdiction. The Hendrik Hudson, Fed. Cas. No. 6355.

On the state of facts disclosed, the libel was not maintainable, the claims asserted not being within the admiralty jurisdiction.

The decree is reversed.