## THE SHOWBOAT.

### No. 25.

District Court, D. Massachusetts.

Nov. 26, 1930.

C. J. Halligan, Jr., of Boston, Mass., for libelant.

Jones, Nash & Birmingham, of Boston, Mass., for receivers.

Harold Horvits, of Boston, Mass., for claimant.

Samuel Bergson, of Boston, Mass., for H. M. Faust Co.

Max W. Rosenthal, of Malden, Mass., for R. F. O'Neill.

Tyler, Eames, Wright & Hooper, of Boston, Mass., for Charles S. Norris, Inc.

Lawrence F. Corrigan, of Boston, Mass., for Paine Furniture Co.

C. E. Fifield, pro se.

Benjamin B. Piper, of Boston, Mass., for H. P. Hood & Sons, Inc.

Stephen R. Jones, of Boston, Mass., for Ivers & Pond Piano Co.

Frank Wilson, of Boston, Mass., for H. M. Hillson Co.

Herman A. Mintz, of Boston, Mass., for Morris Gordon & Sons, Inc.

Morris E. Schneider, of Boston, Mass., for Industrial Electric Co.

MORTON, District Judge.

The question presented is whether on the facts stated this court has jurisdiction in admiralty (1) to enforce maritime liens for services, supplies, etc., and (2) of a suit to foreclose a ship mortgage on Showboat. Jurisdiction is opposed by the state court receiver on the ground that she is not a "vessel" within the admiralty meaning.

The Revised Statutes, § 3, provide that "the word 'vessel' includes every description of water craft or other artificial contrivance used, or capable of being used, as a means of transportation on water." 1 USCA § 3, page 6. Showboat is clearly capable of being used as a means of transportation on water and is within the language of the statute. The Jack-O-Lantern was a vessel used solely for amusement purposes; she was less adapted for transportation either of freight or of passengers than Showboat. Admiralty proceedings in rem against her upon a contract for alterations and repairs were sustained. The Jack-O-Lantern, 258 U. S. 96, 42 S. Ct. 243, 66 L. Ed. 482. While the question of jurisdiction was not raised in that case, it was necessarily involved, and the decision covers the present case. I do not think that Evansville & Bowling Green Packet Co. v. Chero Cola Bottling Co., 271 U. S. 19, 46 S. Ct. 379, 70 L. Ed. 805, is necessarily inconsistent with The Jack-O-Lantern. In the latter case the res was a wharfboat. In holding that it was not a vessel within admiralty jurisdiction, the court said: "It was not practically capable of being used as a means of transportation. It served at Evansville as

an office, warehouse, and wharf, and was not taken from place to place." Butler, J., at page 22 of 271 U. S., 46 S. Ct. 379, 380, 70 L. Ed. 805. In Eastern S. S. Corporation v. Great Lakes Dredge & Dock Co., 256 F. 497 (C. C. A. 1) it was held that a drillboat was a vessel within the limitation of liability statute; and in The C. H. Northam (D. C.) 181 F. 983, Judge Dodge held that a steamer which had been laid ashore and partially dismantled in the process of breaking up, and which was not expected to float again, was still a vessel. See, too, The Hezekiah Baldwin, Fed. Cas. No. 6,449; The Ark (D. C.) 17 F.(2d) 446; The City of Pittsburgh (D. C.) 45 F. 699, and Public Bath No. 13 (D. C.) 61 F. 692. The floating dry dock, which was the subject-matter of the litigation in Cope v. Vallette Dry Dock Co., 119 U. S. 625, 7 S. Ct. 336, 30 L. Ed. 501, is obviously a very different sort of structure from those here in question. I am aware that there are decisions holding that amusement vessels—which appear to be not uncommon—are not within the admiralty jurisdiction. Hayford v. Doussony (C. C. A. 5) 32 F.(2d) 605.

Of course each case depends on its particular facts; and structures shade off from what is obviously a vessel to what is obviously not. Here we have a five-masted schooner, which, if the sails which are now on board were bent on, the booms being arranged to swing over the house, could go to sea; or she could be towed as she now is anywhere that a barge can be taken. She has a crew consisting of a licensed master or mate and two or three seamen. Her mooring lines and chains can be readily cast off; and the electric wires are so fitted as to be easily detachable. While her owners had not, at the time when the libel was filed, any present intention to use her for transportation purposes, I do not think that fact decisive. She was still a "vessel" in my opinion within the admiralty jurisdiction. For collections of cases on the point see, Cases on Admiralty by Prof. Sayre, page 61, note; Cases on Admiralty by Prof. Ames, page 76, note; and 36 Yale Law Journal, page 415.

On the facts stated, I find and rule that there is jurisdiction in the present proceedings both of the maritime liens and of the intervening petition to enforce the mortgage.

■ The remaining questions relate to claims which have been filed by various persons to fixtures and furnishings which were on board Showboat at the time when the marshal took possession. They are for the most part articles which were purchased for use in the restaurant and dance hall on conditional sales. The facts as to these claims are not in dispute and are stated in the affidavits supporting them. In so far as the articles furnished became an integral part of the vessel, or were for use as furnishings of a vessel, they became subject to the maritime liens, The Hope (D. C.) 191 F. 243, Dodge, J.; and the claimants who sold such articles on conditional sales have no priority over maritime lienors. But the furnishings which were put on board merely for use in the restaurant and dance hall did not become such a part of the vessel that the title of the conditional vendors is postponed to that of the lienors. Learned v. Brown (C. C. A.) 94 F. 876.

■ It follows that the claim of the H. M. Faust Company for the return of tables and chairs should be allowed; that the petition of the Industrial Electric Company for fixtures sold on conditional sale should be allowed to the extent that such fixtures can be removed without damaging the vessel; that the petition of Chas. S. Norris, Inc., for the return of a piano placed for hire on Showboat should be allowed; that the petition of Paine Furniture Company for certain furniture and furnishings sold on conditional sale should be allowed; that the petition of the Fifield Company for the return of a safe sold on conditional sale should be allowed; that the petition of H. P. Hood & Sons, Inc., for the return of certain refrigerating equipment placed on board said vessel should be allowed; that the petition of Morris Gordon & Son, Inc., for the return of dishes and table furnishings sold on conditional sale should be allowed; that the petition of the Ivers & Pond Piano Company for the return of an Iver & Pond grand piano placed on board said vessel on rental be allowed. On several of these petitions substantial sums appear to have been paid. These inured to the benefit of the corporation, represented by the receiver. He has the right to complete the payments and take the property. As a matter of strict technicality probably this court should turn over to him all property not part of the vessel and leave the claimants and the receiver to work out their rights in the state court. But as nobody has urged this course, and as it would greatly increase the trouble and expense in which these parties find themselves, it has seemed best to deal with the matter completely.

■ There is no evidence before me as to the nature of the goods sought to be reclaimed by the H. M. Hillson Company. This peti-

288

tion must stand for further evidence by affidavits which are to be filed within three days, counter affidavits from any party in interest within two days thereafter. It will be decided without further argument on the evidence so submitted. As to the petition of Raymond F. O'Neill for the return of eight portable fire extinguishers I think these must be regarded as having been furnished to the vessel as a vessel, and that this petition accordingly must be denied.

At the hearing before me all parties agreed, if it should be decided that admiralty had jurisdiction of the vessel, a sale of her by the marshal should be ordered at once. I entirely concur in this view. An order has accordingly been entered directing a sale of the vessel by the marshal. Successful claimants have the right to remove before the sale property which has been adjudged to them.

Decrees accordingly.