## LEHIGH VALLEY R. CO. v. JONES.

### No. 4533.

Circuit Court of Appeals, Third Circuit.

June 12, 1931.

Howard F. McIntyre and Collins & Corbin, all of Jersey City, N. J. (Edward A. Markley and Charles W. Broadhurst, both of Jersey City, N. J., of counsel), for appellant.

Meaney & Lifland, of Jersey City, N. J. (Thomas F. Meaney, of Jersey City, N. J., of counsel; Louis Bort, of Jersey City, N. J., on the brief), for appellee.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

WOOLLEY, Circuit Judge.

Walter O'Brien Jones, engineer on a boat operated by the Lehigh Valley Railroad Company, sustained an injury from which he died. His administratrix brought this suit for damages against the railroad company in a state court of New Jersey. The railroad company then filed a libel and petition in the District Court of the United States for the District of New Jersey seeking exoneration from liability and praying limitation of its liability under the federal statute in that regard. 46 USCA §§ 183, 188, Rev. St. §§ 4283, 4289. After valuation of the boat, stipulation with surety and order for a monition, the decedent's administratrix appeared and moved to dismiss the libel and petition on the grounds:

(a) That the boat was not a "vessel" within the meaning of the act and

(b) that the boat was not at the time of the accident "on a voyage" within the meaning of the act.

The court, holding that she was such a vessel as the act contemplated but was not at the time of the accident engaged in a voyage, dismissed the libel and petition. The railroad company appealed from the court's decision on its second finding. As the administratrix has not appealed or otherwise questioned the court's first finding, we assume without deciding that the boat was a vessel within the meaning of the act as construed by the decisions. 46 USCA § 188, Rev. St. § 4289; The Sunbeam (C. C. A.) 195 F. 468; Eastern S. S. Corp. v. Great Lakes D. & D. Co. (C. C. A.) 256 F. 497, 500; In re P. Sanford Ross, Inc., (D. C.) 196 F. 921, reversed on another ground (C. C. A.) 204 F. 248; Patton-Tully Transp. Co. v. Turner (C. C. A.) 269 F. 334.

As this case turns on the word "voyage" and its meaning, we are concerned with voyage first as a fact and then as a legal incident to the right of limiting liability.

The boat in question, known as "Lehigh Valley Pump Boat No. 600," was constructed somewhat like a barge, being sixty feet in length, twenty-two feet beam and seven feet deep. She carried a boiler and a centrifugal pump. Thus equipped she was used to pump water out of leaking and sinking boats and to extinguish marine fires in New York Harbor. The boat was, at the time of the accident, moored to a pier in the navigable waters of the Hudson River, which was the customary place for her to lie awaiting emergencies of the character she was designed to meet. Being without means of self-propulsion, she was, when called into service, towed to the suffering craft. Unless her movement about the harbor in this way should be considered a voyage, she was the kind of boat that was never intended to go on a voyage within the common meaning of that word. However that may be, the fact is she was in no sense on a voyage at the time of the accident and to this fact it is probable the learned trial judge applied 46 USCA § 184, which accords to freighters and cargo owners suffering loss on a "voyage" apportionment of the sum for which the owners may be liable.

In order to understand this provision of the act, which is the only one that contains the word "voyage," it should be construed not alone but in connection with its related provisions.

Section 183 of title 46, USCA (Rev. St. § 4283), the first provision of the limitation of liability statute pertinent to the matter in hand, provides that liability of an owner of a vessel for loss, damage, or any act or thing occasioned or incurred without his privity or knowledge shall not exceed the amount or value of his interest in the vessel and her pending freight.

This concession to vessel owners was made to promote shipbuilding and encourage the business of navigation, Evansville & B. G. P. Co. v. Chero Cola Co., 271 U. S. 19, 46 S. Ct. 379, 70 L. Ed. 805; and effectively to carry out this avowed purpose the courts have liberally construed the legislation. Providence & N. Y. S. S. Co. v. Hill Mfg. Co., 109 U. S. 578, 3 S. Ct. 379, 617, 27 L. Ed. 1038; The 84-H (C. C. A.) 296 F. 427. Thus section 183, which creates and confers the right to limit liability, is the controlling provision of the act and under it most limited liability proceedings arise and end. It should be noted that its terms are very general and that it contains no limitation to injuries or loss occasioned while a vessel is on a voyage. Realizing that situations might arise which do not fall even within the breadth of section 183 the Congress provided by section 184, 46 USCA (Rev. St. § 4284) that:

"Whenever any such embezzlement, loss, or destruction is suffered by several freighters or owners of goods, wares, merchandise, or any property whatever, on the same voyage, and the whole value of the vessel, and her freight for the voyage, is not sufficient to make compensation to each of them, they shall receive compensation from the owner of the vessel in proportion to their respective losses; and for that purpose the freighters and owners of the property, and the owner of the vessel, or any of them, may take the appropriate proceedings in any court, for the purpose of apportioning the sum for which the owner of the vessel may be liable among the parties entitled thereto."

In section 184 the word "voyage" appears for the first time and of its presence the claimant-appellee avails herself to defeat the petitioner's claim to a limitation of liability accorded by section 183. But the provision deals particularly with a situation where loss has been suffered by several persons and by several persons of different classes including freighters or cargo owners whose rights arise from maritime contracts contemplating transportation and therefore a voyage. To protect claimants as well as vessel owners in such losses and particularly to avoid situations of contesting claimants for different losses suffered at different times or on different voyages such as those which arose in The Alpena (D. C.) 8 F. 280; The Pelotas (D. C.) 21 F.(2d) 236, the provision, sensibly if not necessarily, restricts the parties to those who have suffered losses "on the same voyage," and when so restricted the provision prescribes a pro-rata distribution of the value of the vessel and her freight when not sufficient to pay all the sufferers, Butler v. Boston & Steamship Co., 130 U. S. 527, 550, 551, 9 S. Ct. 612, 32 L. Ed. 1017, or, as tersely stated in Monongahela River C. C. & C. Co. v. Hurst (C. C. A.) 200 F. 711, 713: "The effect of section 4284 (46 USCA § 184) is to provide a general average of loss in case the value of the vessel and freight is insufficient to make full compensation to all sustaining loss."

In the case at bar we are concerned nei-

830

ther with the fact of a voyage, nor with the law respecting losses on a voyage under section.184. We are concerned only with section 183 of the act which nowhere restricts the right of an owner to limit his liability to losses arising on a voyage but which generally, in given circumstances, accords him the right to limit his liability for losses purely maritime. I Benedict on Admiralty (5th Ed.) 474; In re Michigan S. S. Co. (D. C.) 133 F. 577, 579, reversed on another ground (C. C. A.) 144 F. 788; The Muriel (D. C.) 25 F.(2d) 505; In re P. Sanford Ross, Inc. (D. C.) 196 F. 921, reversed on another ground (C. C. A.) 204 F. 248; Patton-Tully Transp. Co. v. Turner (C. C. A.) 269 F. 334; Eastern S. S. Corp. v. Great Lakes D. & D. Co. (C. C. A.) 256 F. 497.

The order of the District Court is reversed, with direction that the libel and petition be re-instated and the case tried in accordance with this opinion.