**Petition of KANSAS CITY BRIDGE CO.**

**THE QUARTER BOAT NO. 130.**

No. 2868.

District Court, W. D. Missouri, W. D.
May 18, 1937.

Richard Righter (of Lathrop, Crane, Reynolds, Sawyer & Mersereau), of Kansas City, Mo., for Kansas City Bridge Co.

Trusty & Pugh, of Kansas City, Mo., Sanden & Anderson, of Lincoln, Neb., and Frank A. Dutton, of Omaha, Neb., for claimants.

OTIS, District Judge.

It was represented to the court by the parties (the petitioner and claimant Burkhart) that it was desirable that, in advance of the submission of other issues, it be determined whether the structure called "Quarter Boat No. 130," claimed by the petitioner to be a "vessel" within the meaning of that word as used in section 183, title 46, U.S.C., 46 U.S.C.A. § 183, was a "vessel." The question was submitted upon a stipulation of facts. (Note.—To the document, labeled "Stipulation," which was prepared by the petitioner, is attached a document, labeled "Claimant's Qualification of the Facts Agreed upon in the Stipulation," prepared by the claimant. The finding of fact hereinafter made is based on the stipulation as modified by the claimant's qualification thereof.)

From the facts stipulated it appears clearly that Quarter Boat No. 130 essentially (and disregarding trifling and obviously incidental uses) was a floating movable boarding and rooming house maintained and operated by petitioner for its employees. It was intended to be and was moved from place to place (at long or short intervals and with intermissions in winter months) as the scenes of petitioner's work under various river contracts changed. Is such a structure, so used, a "vessel"?

We are convinced that such a structure, so used, is a "vessel" and that this one was a "vessel."

It is declared by statute (title 1, § 3, U.S.C., 1 U.S.C.A. § 3) that the word "vessel" "includes every description of * * * artificial contrivance used, or capable of being used, as a means of transportation on water." We do not suppose, however, that this statutory definition is to be taken literally, since any contrivance that will float on water is *capable* of being used as a means of transportation (of things or persons) on water. The word "capable" in the statutory definition is to be read "practically capable." Evansville, etc., Co. v. Chero Cola Bottling Co., 271 U.S. 19, 22, 46 S.Ct. 379, 380, 70 L.Ed. 805.

The wharfboat which the Supreme Court in the Evansville, etc., Co. Case ruled was not a "vessel" was so ruled because "it was

not practically capable of being used as a means of transportation." "It * * * was not taken from place to place" (except for winter storage). It was like a "platform permanently attached to the land." Its value lay in its adaptability to permanent fixation to the shore and it took its true character from that adaptability and that use. The value of Quarter Boat No. 130 lies in its movability, in the fact that its facilities can be transported from place to place. In these respects obviously it is distinguishable from the wharfboat discussed by the Supreme Court and by these attributes is brought clearly within the statutory definition.

### Finding of Fact.

Quarter Boat No. 130 was a "vessel" within the meaning of that word as used in section 183, title 46, U.S.C., 46 U.S.C.A. § 183.