**Luster BOWEN, Plaintiff,**

**v.**

**UNION CONCRETE PIPE CO., a corporation, Defendant.**

**Civ. A. No. 2423.**

United States District Court
S. D. West Virginia,
Huntington Division.

May 5, 1969.

Stanley E. Preiser, Preiser, Greene & Hunt, Charleston, W. Va., Harry Alan Sherman, Pittsburgh, Pa., for plaintiff.

Chad W. Ketchum, Greene, Ketchum, Baker & Pauley, Huntington, W. Va., for defendant.

CHRISTIE, District Judge:

■ Plaintiff brings this action for damages for personal injuries under the Jones Act, 46 U.S.C.A. § 688, and under the doctrine of seaworthiness, seeking in addition recovery of an amount in excess of $10,000 for maintenance and cure. The case is presently before the Court upon motion of the defendant for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. The Court, having examined the pleadings, affidavits, interrogatories and answers, and deposition, finds that no genuine issues of material fact are presented and that disposition on motion for summary judgment is appropriate.

Upon review of the record in this proceeding, it is the opinion of this Court that the relevant facts and applicable principles of law involved are substantially identical to those recited in our recent opinion in the case of Bellomy v. Union Concrete Pipe Co., 297 F.Supp. 261 (S.D.W.Va.1969), and that our decision will be controlled by the conclusions reached in that case. Accordingly, in view of our decision in the Bellomy case, it is the opinion of the Court, and we so hold, that plaintiff is not a "seaman" within the meaning of the Jones Act, 46 U.S.C.A. § 688, nor can he be considered a "seaman" as that term has been applied in providing the remedy of maintenance and cure. With respect to the claim for damages for unseaworthiness, the facts of this case are somewhat different from those in the Bellomy case and will, therefore, require elaboration in some detail.

■ Plaintiff alleges injuries resulting from unseaworthiness on two separate occasions, one in August of 1966 and one in December of 1967. In 1966, plaintiff was injured when he fell from the deck of a barge being unloaded at defendant's dock. The barge was not owned by defendant nor did it have possession or control of the barge at the time plaintiff was injured. To the contrary, at the time of the injury the barge was in the control of the vessel officers who were employees of the vessel owner and not employees of the defendant. The Supreme Court, recognizing that the work of loading and unloading vessels was at one time performed by members of the vessel's crew, has held that longshoremen engaged in such activities are entitled to the protection of the doctrine of seaworthiness. Seas Shipping Co., Inc. v. Sieracki, 328 U.S. 85, 66 S.Ct. 872, 90 L.Ed. 1099 (1946). Despite the purported exclusiveness of the compensation liability provided under the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 905, the Supreme Court has held that a longshoreman may recover for unseaworthiness against his employer where the employer is the owner or owner pro hac vice of the vessel involved, Reed v. The Yaka, 373 U.S. 410, 83 S.Ct. 1349, 10 L.Ed.2d 448 (1963). Thus, neither the fact that plaintiff was engaged in the work of a longshoreman nor the fact that defendant is the employer of plaintiff would preclude him from recovering damages for unseaworthiness. However,

the obligation of seaworthiness "is peculiarly and exclusively the obligation of the owner," or the owner *pro hac vice,* Seas Shipping Co., Inc. v. Sieracki, supra 328 U.S. at p. 100, 66 S.Ct. at p. 880, and since in this case defendant was neither owner nor owner *pro hac vice* of the vessel on which plaintiff was injured, it is absolved from any liability for unseaworthiness. Watson v. Gulf Stevedore Corporation, 374 F.2d 946 (5th Cir. 1967). Accordingly, under the facts of this case, plaintiff cannot recover from defendant under the doctrine of seaworthiness for the injuries suffered by him in falling from the barge in 1966.

 In December of 1967, plaintiff was injured a second time while attempting to refloat a steel walkway which had become lodged upon the shore. In asserting an obligation against the defendant under the doctrine of seaworthiness for this injury, however, plaintiff would have this Court go well beyond the decisions of any of the courts and hold that the doctrine of seaworthiness applies not only to "vessels" but also to walkways permanently affixed to the shore. The obligations imposed under the doctrine of seaworthiness arise, obviously, from the peculiar hazards of work upon ships or vessels,[1] and while the term "vessel" has been construed liberally, such term does not include a walkway or gangway affixed to the shore and neither intended to be, nor used, for the purpose of transportation on water. Cope v. Vallette Dry Dock Company, 119 U.S. 625, 7 S.Ct. 336, 30 L.Ed. 501 (1887). See also Evansville & Bowling Green Packet Company v. Chero Cola Bottling Company, 271 U.S. 19, 46 S.Ct. 379, 70 L.Ed. 805 (1926); Woodruff v. One Covered Scow, 30 F. 269, 270 (E.D.N.Y.1887); Freeman v. Aetna Casualty & Surety Company, 398 F.2d 808 (5th Cir. 1968). Thus, for the very simple reason that the walkway upon which plaintiff allegedly was injured in 1967 was not a "vessel," he cannot recover on the cause of action alleging unseaworthiness of the

said gangway. Additional reasons exist for denying this relief such as the fact that plaintiff, a shore-based employee, was actually working on the shore when the injury occurred, however, in view of our finding that the walkway was not a vessel it will not be necessary to reach such issues in deciding this case.

### SUMMARY

Having reviewed the pleadings, affidavits, interrogatories and answers, and deposition, we find, on the basis of our decision in Bellomy v. Union Concrete Pipe Co., supra, that (1) plaintiff was not a seaman or crew member within the meaning of the Jones Act and (2) plaintiff was not a seaman entitled to maintenance and cure, and we further find that (3) under the circumstances of this case, defendant was not obligated to plaintiff under the doctrine of seaworthiness. For these reasons, defendant's motion for summary judgment must be granted and plaintiff's action dismissed.

---

1. See The State of Maryland, 85 F.2d 944 (4th Cir. 1936).