### SOUTHBRIDGE SAVINGS BANK *vs.* CHARLES F. MASON & others.

Worcester.     October 4, 1888. — October 19, 1888.

Present: MORTON, C. J., DEVENS, W. ALLEN, C. ALLEN, & KNOWLTON, JJ.

*Mortgage of Real Estate — Fixtures — Evidence — View by Master.*

On the issue whether machines in a calico-printing factory were, as between mortgagor and mortgagee, a part of the realty, it was *held*, upon evidence reported by a master, who had visited the factory and had seen each machine and the mode of its attachment, that his findings that some of the machines were a part of the realty and others were not, could not be said, as matter of law, to be erroneous.

KNOWLTON, J.     This is a bill in equity by which the plaintiff seeks to enjoin the defendants from removing machinery and other property from real estate of which it is the mortgagee, the defendants having succeeded to the title of the mortgagor. A preliminary injunction was issued as prayed for. The case was referred to a master, who heard the parties, and made a report, and upon a recommittal of the report, with instructions to make certain special findings, heard them again, and made a supplemental report. The defendants filed exceptions to both of these reports. Upon a hearing in the Superior Court, upon the pleadings, the master's reports, and the exceptions, a decree was entered making the injunction perpetual, in accordance with the

findings made by the master, and the case comes to this court upon appeals by both parties.

Many questions were involved in the issues between the parties, but the only ones argued before us relate to the master's findings that certain articles of machinery and other similar property were a part of the real estate, and that certain other articles were not.

The plaintiff's mortgage was dated August 3, 1869, and it covered land upon which a mill was then in process of erection. This mill was soon afterwards completed and fitted up to be used in the business of calico printing, which includes dyeing and bleaching, and was supplied with machinery adapted to the prosecution of that business. Adjacent to it, and covered by the same mortgage, was a machine shop, containing machinery designed to be used in making repairs.

The master, in his supplemental report, makes findings upon sixty-seven different items of articles, and classes of articles, of machinery and other kindred property. All of those now in dispute, except one etching machine, one setting-out table, one bolt-cutting machine, one straightening machine, two wood planers, and one wood-matching machine, he found to be so connected with the real estate as to pass to the mortgagee. These seven machines he found to be personal property, belonging to the defendants. The plaintiff's claim relates to the six items which include these, and the defendants' exceptions to twenty-eight of the other items. Upon neither side did the arguments before us bring to our attention anything in the nature, or construction, or mode of attachment, or use of any particular machine, which materially distinguished it from others which were included in the same general finding. But certain considerations were urged upon us by the plaintiff, which apply alike to each of the seven machines which were found to be personal property; and certain other considerations were presented by the defendants, which were relied on to establish their claim to the twenty-eight articles and classes of articles named in their first exception to the supplemental report.

Whether a machine set up in a building is real estate or personal property, is commonly a mixed question of law and fact. The general principles of law applicable to such ques-

tions, when they arise between mortgagor and mortgagee, are well established. "Whatever is placed in a building subject to a mortgage, by a mortgagor or those claiming under him, to carry out the purpose for which it was erected, and permanently to increase its value for occupation or use, although it may be removed without injury to itself or the building, becomes part of the realty, as between mortgagor and mortgagee, and cannot be removed or otherwise disposed of while the mortgage is in force." The "object, the effect, and the mode of its annexation," must be considered. *Smith Paper Co.* v. *Servin*, 130 Mass. 511, 513. *Pierce* v. *George*, 108 Mass. 78. *McConnell* v. *Blood*, 123 Mass. 47. *McLaughlin* v. *Nash*, 14 Allen, 136. A finding of fact cannot be set aside upon appeal in this court, unless it is plainly wrong. *Reed* v. *Reed*, 114 Mass. 372. *Montgomery* v. *Pickering*, 116 Mass. 227, 230.

In the case at bar, the evidence reported, descriptive of particular machines, is as to many of them exceedingly meagre; but it appears by the supplemental report that the master visited the factory, and saw each machine and the mode of its attachment. Under these circumstances, there are strong presumptions in favor of his findings, and the findings must be assumed to be correct, unless the facts and evidence reported show that they are wrong.

There was ample evidence to support the finding that "the building was built for a calico-printing factory, and was adapted to the use of the machinery named in the bill, which was put in to carry out the purpose for which the building was built." Several witnesses testified directly upon that point. Many of the machines rested upon stone foundations, which were laid as a part of the construction of the building specially for their support. Trenches were let into the floors to accommodate the washing machines. The nature of the business for which the building was erected was such as to call for many fixtures which seem to have been intended as a part of the real estate. Among these were two large steam boilers, a Knowles and Sibley pump set on stone and fastened with iron bolts, iron kettles and tubs set in brick, four iron bleaching kiers, very bulky and set on stone foundations in a building built expressly for them, from which they could not be removed, one fire pump, fastened on

heavy timbers and connected with the flume by bolts and flanges, two hydraulic presses and pump, one end on a stone foundation and the whole supported by timbers, one large Fairbanks platform scales set out of doors, one Fairbanks platform scales in the color room, set in the floor like all such scales, and color kettles set in brick, supplied with pipes for hot and cold water, the pipes running on stone piers for support. Many other machines were very heavy, and most of them were fastened to the building, but some of them stood in position by their own weight. All the machinery was said by the witnesses to be necessary to the business for which the building was erected. The master found that, at the time of making the mortgage, the mortgagor and mortgagee " contemplated the addition of this machinery to the factory, as a part of the real estate, in connection with the loan."

Besides the facts already stated, there was evidence that the mill was in process of erection when the loan was made, and that the sum of $75,000, which was lent on the mortgage security, was to be furnished to the mortgagor in instalments of $5,000 to $10,000 per month, and that when $60,000 of the amount had been paid, a mortgage on the machinery and personal property in the works was to be given in addition, as collateral security, and that such a mortgage subsequently was given, covering, among other things, some of the machinery that afterwards went into the mill, and which had not then been set up in the mill. A second mortgage of the same real estate was given by the mortgagor, which was made subject to the plaintiff's mortgage, and which contained a power of sale under which it was foreclosed by those under whom the defendants claim. In the deed made in pursuance of the sale under this power was this language : " With all the rights, privileges, and appurtenances, and especially all the water rights connected therewith in any way, and all the fixed machinery in the buildings on said premises, set up and ready for use therein, the schedule of said machinery being given in the affidavit subjoined hereto." The schedule referred to included all the machinery claimed by the defendants in this suit. The grantee in that deed agreed to assume and pay the plaintiff's mortgage, and save the mortgagor harmless therefrom. The mortgagor made a separate instru-

ment, acknowledging that the personal property named in the schedule had been included in the sale with his consent, and describing it as having been named in two mortgages of personal property, which the report shows that he had previously given to the holders of the second mortgage upon the real estate, and which covered part of this property before it was connected with the mill. This instrument contained the following words in reference to the property: it " was included in the said sale for the purpose of keeping the property together, and thereby increasing its value, and the same is hereby delivered to be held by the said Earl P. Mason [the purchaser] as a part of said premises." This evidence was proper to be considered as bearing upon the relation which the machinery and other articles connected with the building were intended to have to the building itself. And we cannot say, as matter of law, that the master erred in finding that all the articles which the defendants now claim against his findings were affixed as permanent improvements to the real estate. Among these articles were the Fairbanks platform scales set in the floor, the large Fairbanks scales outside, the hydraulic presses and pump, and the four kiers, to which we have already referred. Also, five printing machines weighing from two to three tons each, and each standing on a separate stone foundation constructed for it underneath the floor, one indigo mill, placed under the printing machines, weighing from seven hundred to eight hundred pounds, resting on rock and bolted down to a foundation prepared for it, three dyeing machines weighing over a ton each and bolted down, and numerous other machines of similar character, and some smaller and lighter. The defendants' exceptions must therefore be overruled.

The plaintiff's counsel asked the court to rule, that, upon the master's findings of fact, supported by the evidence reported, the seven machines hereinbefore referred to as claimed by the plaintiff were a part of the real estate covered by its mortgage, and upon the court's refusal so to rule, and ruling that they belonged to the defendants, appealed from so much of the decree as relates to these seven machines. His argument rests upon the ground that the finding as to the intention with which the mortgagor put the machinery into his mill and machine shop,

requires a finding that these machines were real estate. But the mere fact that an owner intends machinery to be used in a mill in the business in which the mill itself was designed to be used, will not make that real estate which in all its characteristics is essentially personal property. He may employ in his business furniture and other chattels, as well as real estate. The evidence stated in the first report did not warrant a finding that the parties intended, when the mortgage was made, that the other property put into the building should be treated as real estate, and held as security under the mortgage, without reference to its character or its attachment to the building.

The master has found that these seven machines were personal property. The report does not disclose such facts or evidence in regard to them as will warrant us in saying, as matter of law, that they belong to the real estate.

*Decree affirmed.*

*A. J. Bartholomew*, for the plaintiff.
*J. M. Cochran*, for the defendants.