## THE AUGUSTA.

(District Court, E. D. Louisiana, New Orleans Division. September 7, 1920.)

Nos. 16028, 16066.

1. **Maritime liens ⬦⟹37 —Ship is considered wrongdoer in collision suit, and lien for damages is superior to other pre-existing liens.**

In suit for collision, ship is considered wrongdoer, and lien for damages arising from collision is superior to all pre-existing liens, with possible exception of lien for sailors' wages.

2. **Shipping ⬦⟹87—Liability for collision attaches to ship, hull, engines, tackle, apparel, and furniture.**

As respects lien for collision damages, ship is deemed to consist of hull, engines, tackle, apparel, and furniture of all kinds.

3. **Shipping ⬦⟹87—Wireless apparatus, rented to ship, is subject to lien for collision damages.**

Wireless equipment, rented to ship under license agreement, is part of equipment of ship, subject to lien for collision damages, notwithstanding absence of law requiring its installation.

In Admiralty.. Suit by the Republic of France against the steamship Augusta, in which the Augusta was surrendered in a proceeding for limitation of liability. Application by the Radio Corporation of America to recover proceeds of wireless apparatus sold separately by agreement. Rule discharged.

Victor Leovy (of Denegre, Leovy & Chaffe), of New Orleans, La., for libelant republic of France.

Terriberry, claimant and petitioner Rice & Young, of New Orleans, La., for West India Sugar Corp.

Nicholas Callan (of Monroe & Lemann), of New Orleans, La., for Radio Corporation of America.

FOSTER, District Judge. In this case the Radio Corporation of America leased a wireless apparatus to the steamship Augusta. The steamship Augusta was surrendered in a proceeding for a limitation of liability following a collision. In due course she was surrendered to a trustee and ordered sold, and the proceeds retained by the trustee to await the final determination of the case. The case has not yet been submitted on the merits.

The Radio Corporation asked for and obtained a separate sale of the wireless apparatus by agreement. In the present proceeding it is asked that the proceeds of the sale of the wireless be ordered turned over to the Radio Corporation.

[1] In a suit for damages resulting from a collision the ship is considered as the offending thing, the actual wrongdoer, and the lien for damages arising from the collision is superior to all other pre-existing liens, those for supplies, repairs, bottomry bonds, etc., with the possible exception of sailors' wages, although there are cases subordinating this lien also. The John G. Stevens, 170 U. S. 113, 18 S. Ct. 544, 42 L. Ed. 969.

[2] A ship is considered as consisting of the hull and engines, tackle, apparel, and furniture of all kinds. Benedict's Admiralty, par. 157. This, of course, is elemental, and requires no citation of authority. It is contended on behalf of the Radio Corporation that the wireless is not a necessary part of the equipment of a vessel, or at least was not such a necessary part of the Augusta, as there is no law of the United States requiring its installation.

[3] It seems to me that the wireless, being on the ship, formed part of her equipment, regardless of who the actual owner might be. In these days wireless telegraph apparatus is part of the usual equipment of all steamers of any considerable size. If it was not considered necessary, it would not have been on the Augusta. It is easy to imagine other patented articles, ordinarily forming a part of the equipment of a vessel, that might be used under license. Patented anchors are now used, entirely different in appearance to the familiar emblem of hope; patented steering gear is used on the vessels, and patented logs for registering the speed. It may be that patented engines will also be used on

some ships. If the owners of any patented articles so desired, they could be rented on a license agreement, just as well as wireless apparatus.

In all probability, when the suit is finally determined, the proceeds of the ship other than the wireless will be sufficient to pay all the claims; but I do not think that at this time the proceeds of the wireless should be turned over to the claimant, as it may be that it may have to contribute its share of the damages.

The rule will be discharged.