## THE MOSHULU.

(District Court, N. D. California, S. D. October 10, 1923.)

1. Shipping ⊗⇒32—Rule as to priority of mortgage stated.

Preferred mortgage, owned on a bark by the United States under Ship Mortgage Act June 5, 1920 (Comp. St. Ann. Supp. 1923, §§ 8146¼jjj–8146¼rr), has priority over all claims against the vessel, except preferred maritime liens, consisting of liens arising prior in time to the recording and indorsement of the preferred mortgage and liens for damages arising out of tort, for wages of a stevedore, when employed directly by the owner, operator, master, ship's husband, or agent of vessel, for wages of vessel's crew, for general average, and for salvage, including contract salvage, and expenses and fees allowed, and costs taxed by court.

2. Shipping ⊗⇒32—Petition for remnants by holder of preferred mortgage granted.

Where certified copy of ship mortgage was on board vessel, subject to examination by any person having business with the vessel, which might give rise to a maritime lien, and where there were no claims entitled to priority over ship mortgage, *held*, that petition of United States as holder of mortgage for remnants will be granted.

In Admiralty. Libel by one Sjogren and others against the bark Moshulu. On petition of the United States for remnants. Granted.

See, also, 276 Fed. 35.

Ira S. Lillick and J. A. Olson, both of San Francisco, Cal., for libelants.

John T. Williams, U. S. Atty., and J. G. Heywood, Asst. U. S. Atty., both of San Francisco, Cal., for the United States.

McCutchen, Olney, Mannon & Greene, of San Francisco, Cal., for Howard Co.

William Denman and J. F. Resleure, both of San Francisco, Cal., for E. W. Christianson.

DOOLING, District Judge. [1, 2] The United States had a preferred mortgage on the bark Moshulu, sold under order of this court on a libel in rem for wages of seamen. As all the requirements of the act were complied with, such mortgage, under the Act of June 5, 1920, § 30, known as the Ship Mortgage Act (Comp. St. Ann. Supp. 1923, §§ 8146¼jjj–8146¼rr), has priority over all claims against the vessel, except preferred maritime liens and expenses and fees allowed and costs taxed by the court. The preferred maritime liens are: (1) Liens arising prior in time to the recording and indorsement of the preferred mortgage; (2) liens for damages arising out of tort, for wages of a stevedore, when employed directly by the owner, operator, master, ship's husband, or agent of the vessel, for wages of the crew of the vessel, for general average, and for salvage, including contract salvage.

None of the claims here in suit come within any of these categories, except the wages of the crew, and they have been paid. The enforcement of the preferred mortgage claim may work an apparent hardship to the other lien claimants, but it is to be noted that a certified copy of the mortgage was on board the vessel, subject to examination by

⊗⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

any person having business with the vessel which might give rise to a maritime lien, and that the master was bound to exhibit to any such person the documents of the vessel and such copy. Subsection E, Act June 5, 1920 (section 8146¼*l*). So that claimants had ample opportunity to know that any claim on their part for services rendered the vessel would be subordinate to the lien of the mortgage.

The petition of the United States for the remnants must be granted; and it is so ordered.