## THE HUNTINGTON SANFORD.
### No. 1315.

District Court, D. Massachusetts.
July 11, 1947.

Jacob B. Weitzman, of New Bedford, Mass., for libelant.

O. Richard Clark, of Gloucester, Mass., for respondent.

Isadore Bloom, of Boston, Mass., Solomon Rosenberg, of New Bedford, Mass., and Harry Kisloff, Sylvester M. Whalen, and Henry Wise, all of Boston, Mass., for various intervenors.

HEALEY, District Judge.

This matter came on for hearing on the prayer in the libel that the respondent, his agents or servants be ordered to return certain articles, enumerated in section 16 of the libel, which were removed and taken from the fishing vessel "Huntington Sanford" by the respondent mortgagor before the vessel was seized in these proceedings on December 18, 1946.

The libelant, a national bank, was the assignee of a duly recorded preferred ship mortgage on said vessel, given to one Lewis Garston of New Bedford, Massachusetts, on January 4, 1946 to secure a note of even date for $27,500.

The mortgage, in addition to a grant of the whole vessel with all its tackle, engines, machinery, apparel, furniture and all other necessaries thereunto belonging and appertaining, contained the following clause:

"And also any and all additions, improvements and replacements hereinafter made in or to said vessel or any part thereof, or in or to her equipment and appurtenances aforesaid."

The assignment of the note and mortgage was dated January 12, 1946. The note and mortgage became in default on February 4, 1946, and no payment was made after demand was made.

The following articles were removed and taken from the "Huntington Sanford" by the respondent mortgagor on December 16, 1946 at New Bedford:

1 Radio Telephone;
1 Radio Direction Finder;
2 scallop booms;
2 gallows frames;
2 fish tackles;
all the wire cable on the winch drums;
3 dredges;
2 scallop boxes;
1 wash box;
1 compass;
1 mainsail;
1 jib;
. The main generator and equipment consisting of a voltage regulator, an ammeter, a voltmeter and the batteries for the radio equipment;
1 electric bilge pump;
all work tools in the engine room;

2 dories and their equipment;

and all spare parts for the fishing gear.

At the time the mortgage was given to the libelant's assignor, the vessel was rigged for shrimp fishing and the sail, compass, the dories and the generator and its equipment were the only articles contained in the above list that were on the vessel.

About March 1, 1946, the vessel was equipped for rose fishing and the shrimping equipment was taken off and replaced by equipment suited for that purpose. Some time later the vessel was changed over for use in mackerel fishing, and later still for whiting fishing, with consequent changes in equipment. At the time the respondent took the articles in question off the vessel, it had been converted into a scallop dragger, its equipment having been changed to suit that purpose.

The articles taken from the vessel by the respondent were maritime in nature, and necessary for the proper operation of the "Huntington Sanford" as a fishing vessel. They were encompassed by the terms "the whole of said oil screw or vessel together with all of its masts, bowsprit, boats, anchors, cables, chains, rigging, tackle, engines, machinery, apparel, furniture, and all other necessaries thereunto belonging and appertaining, and also any and all additions, improvements and replacements hereinafter made in or to said vessel or any part thereof, or in or to her equipment and appurtenances aforesaid," as used in the mortgage.

Most of the articles in question were installed on the vessel at the time she was converted to a scallop dragger. They were replacements of the equipment the vessel contained when she was mortgaged, and were necessary to her use as a scallop dragger. To hold that the mortgagee was not entitled to take these articles on foreclosure of its preferred mortgage, would deprive the mortgagee of its security and rights reasonably assured it by the terms of its mortgage; which rights and security Congress intended to protect by the Ship Mortgage Act. 46 U.S.C.A. § 911 et seq.

Other articles, such as the radio direction finder, were added to the vessel's equipment to increase its efficiency and safety of operation. Like the replacements, these ad-ditional improvements became, as between the mortgagor and the libelant, a part of the vessel subject to the mortgage. The Joesph Warner, D.C. 32 F.Supp. 532, 534; The Showboat, D.C., 47 F.2d 286.

The respondent had no right to remove the articles in question from the "Huntington Sanford."

An order will be drawn requiring the respondent to restore to the vessel, which is in the possession of the libelant, the articles enumerated in the fifth paragraph of this memorandum.