**W. R. GRACE & CO. v. CHARLESTON LIGHTERAGE & TRANSFER CO. et al.**

**WEIL et al. v. CHARLESTON LIGHTERAGE & TRANSFER CO. et al.**

**Nos. 1050, 1051.**

United States District Court
E. D. South Carolina.
Charleston Division.

Jan. 29, 1951.

No. 1050:

Waring & Brockinton, Charleston, S. C., for libellant.

Atkins & Weymar, New York City, for respondents.

No. 1051:

Mitchell & Horlbeck, Charleston, S. C., for libellants.

Hagood, Rivers & Young, Charleston, S. C., for respondents.

WARING, Chief Judge.

The two above named libels are causes brought in the Admiralty jurisdiction by the two above named Libellants against the above named Respondents and various other Respondents and Claimants. The issues all arise from the sinking of a lighter and claims for damages to cargo caused thereby. The actions are both in rem and in personam.

A petition has now been filed by Charleston Constructors, Inc. as the Claimant of a lighter that was involved in the sinking. This petitioner alleges that, while it was the owner of the lighter in question, there was certain equipment on the same that did not belong to it and prays that such equipment be released from the maritime process heretofore issued. No question is made as to the propriety of holding the lighter itself, but the matter at issue is as to whether this equipment was a part of the lighter and subject to the maritime lien on the date of seizure or whether it should be released for the benefit of its owner, one S. M. Hay.

The undisputed factual situation is as follows:

Hay owned "One Three Drum Legood Hoist and Rigging and One Stiff Leg Derrick and Rig". It appears that sometime after the damage to the lighter and cargo, which is the subject matter of these suits, the lighter was repaired and returned, by the Respondent Charleston Lighterage and Transfer Co. who had it under lease on the day of the sinking, to its owner, the petitioner herein, namely, Charleston Constructors, Inc. The last named firm contracted to put some marine work in or about Charleston Harbor and, for the purpose of doing same, rented from Hay certain equipment consisting of a hoist and derrick, and boom. The hoist and derrick were bolted to the lighter and the intention of the lighter owner was to return the equipment to Hay when the work for which the equipment had been leased had been completed. This equipment was not upon the lighter at the time of the sinking but was installed thereafter and was there at the time the Marshal seized the lighter. Petitioner prays that the equipment be returned to it since it is responsible as lessee to Hay, its true owner.

■ This Petition raises a rather unique and difficult question. Generally speaking, the law is clear that when a vessel of any kind is attached in an Admiralty case, its engines, furniture, tackle and equipment, all being integral parts of the vessel, are subject to any maritime lien even if portions of the equipment have been placed there subsequent to the happenings that gave rise to the maritime lien. Where, however, articles are found upon a vessel which are, in no sense, a part of the same and belong to other persons, they may be removed and are not subject to the lien. This case presents a border line situation. The hoist and derrick were undoubtedly articles useful in marine repair work. On the other hand, they were not an integral part of the barge or lighter and were not permanently attached thereto. To be used, they had to be securely bolted on to the lighter but when the work for which they were leased had been completed, the equip-

ment would be removed and returned to Hay.

Counsel have admitted that they find few guiding lights in the published reports. We have extreme cases of engines and integral parts of vessels being held to be subject to the lien. On the other hand, in several instances where vessels were used for entertainment purposes, restaurant equipment and other articles of like character were held to be not integral parts of the vessel. In the case of The Joseph Warner, D.C., 32 F.Supp. 532, it was held that a winch and other equipment installed on a vessel was subject to a prior maritime lien and although the winch had been removed before seizure, the Court held that it had become a part of the vessel and was still subject to the lien. But it must be kept in mind that a winch and the other equipment there taken are instrumentalities used and useful in maritime operations. A similar distinction was made in the case of The Showboat, D.C., 47 F.2d 286, where portable fire extinguishers were held to be a part of the vessel but restaurant equipment was released. It seems to me that case sheds great light upon the difference between articles which were necessarily useful in the conduct of a vessel's ordinary activities and extraneous articles.

In the case of The Joseph Warner, supra, the Court points out that the rule in Admiralty is quite analogous to the law covering fixtures on real estate. The matter of fixtures often approaches a like border line situation and generally each case has to be decided on its own facts.

■ An excellent statement covering the law of fixtures will be found in 22 Am.Jur. at page 715, it is said that there are three general tests, (1) annexation, (2) adaptation for the use or purpose for which the article is appropriated and (3) the intention to make the article a permanent accession to the freehold, and at page 718, Section 6, we find the following: "6. Intention Generally.—Of the three tests previously mentioned, the clear tendency of modern authority seems to be to give preeminence to the intention to make the article a permanent accession to the free-

hold, and the other tests seem to derive their chief value as evidence of such intention. This test—the intention of the party making the annexation—is made the controlling criterion by most of the authorities, and generally it is considered to be the chief test. It is not always determinative, but in cases of doubt it has a controlling influence and must be considered. However, in order that a chattel may be converted into a fixture, the intention to make it a permanent accession to the realty must affirmatively and plainly appear; if the matter is left in doubt and uncertainty, the legal qualities of the article are not changed, and it must be deemed a chattel. Correlatively, removable chattels annexed to the freehold may remain personalty where the intent that they shall do so is evident from the conduct or actions of the parties. However, an intent that articles attached to land shall not become part of the realty will not be given effect if the subject or mode of annexation is such that the attributes of personal property cannot be predicated of the thing in controversy, as where the property cannot be removed without practically destroying it or where it, or part of it, is essential to the support of that to which it is attached."

Another recent case that throws some light on the situation is San Diego T & S Bank v. Linda Lee, 1949 A.M.C. 324. In that case, a fishing boat had leased certain radio equipment. The boat was attached in the Admiralty Court and the lessor of the radio equipment petitioned for release. The Court granted the prayer of the petition. It seems to me that the decision there was closely analogous to the case at issue. Radio equipment on a fishing boat is undoubtedly useful in the operation of the boat. Yet, it is not integral necessary equipment for the operation of such a boat.

Now, in the instant case, the apparatus attached and to be used on the lighter was indeed useful in work to be performed by the owners of the lighter but it was not necessary equipment for the use of a lighter in its normal general purposes. It was the intention of the petitioner to remove the equipment as soon as the specific job was finished. And it will be noted that at the time when the lighter sank causing these cases, no such equipment was aboard and when subsequently the owners of the lighter put this equipment aboard they were entirely unaware that libels were impending.

I have reached the conclusion that this equipment should be considered removable and that the prayer of the petition is well taken and the apparatus above named which belonged to Hay and was leased to the petitioner should be restored to the petitioner. Of course, any cost of removal from the lighter, which is now in the custody of this Court, must be borne by the petitioner and such removal must be done without harm or damage to the lighter.

And it is so ordered.