**FIRST SUFFOLK NATIONAL BANK OF HUNTINGTON, Libelant,**

v.

**THE AIR BRANT, etc.**

**THE DEMAND, etc.**

United States District Court
E. D. New York.

Nov. 7, 1954.

Abraham W. Sereysky, New York City, for petitioner Prather-Johnston, Inc.

Bernhardt, Sahn, Shapiro & Epstein, New York City, Mendes & Mount, Walter B. Hall, New York City, of counsel, for First Suffolk Nat. Bank, libelant.

Alfred J. Bedard, New York City, By Julian A. Ronan, New York City, of counsel, for respondent Burmeister & Wain American Corp.

Kreis & Kreis, New York City, for Consolidated Fisheries Co.

INCH, Chief Judge.

On January 22, 1954 libelant, the First Suffolk National Bank of Huntington, duly recorded a fleet mortgage against both the vessels herein concerned. On August 23, 1954, libelant duly proceeded against the vessels *in rem* to foreclose this preferred mortgage, and the United States marshal, now in possession of the vessels, is about to sell same.

After the recording of the mortgage, Prather-Johnston, Inc., installed certain fish pumps and pertinent equipment aboard said vessels under a conditional sales agreement, said equipment becoming an integral part of these fishing vessels and essential to their navigation and operation as such.

The same is true as to 34 blocks and 8 fish boat davits which it is alleged were loaned by Consolidated Fisheries Company to the owner of the vessels, but which were also installed on the vessels and were essential to their navigation and operation as fishing vessels.

█ This Court is now asked by these two parties to be allowed to remove the above-mentioned essential items of equipment from the vessels prior to the marshal's sale. The effect of this, if successful, would be to reduce materially the prospective bids of potential purchasers at the marshal's sale. In any event, all of the above items of equipment are essential to the navigation and operation of these vessels as fishing vessels, and being part of the *res*, are subject to process *in rem* regardless of title. See The Augusta, 5 Cir., 15 F.2d 727; The Katherine, 5 Cir., 15 F.2d 387; The Hope, 1 Cir., 191 F. 243; Learned v. Brown, 5 Cir., 94 F. 876; The Showboat, 1 Cir., 47 F.2d 286; Turner v. United States, 2 Cir., 27 F.2d 134; The Joseph Warner, 1 Cir., 32 F.Supp. 532; The Hirondelle, D.C., 21 F.Supp. 223; The Frolic, 1 Cir., 148 F. 921.

█ Moreover, the purpose of the Ship Mortgage Act, 46 U.S.C.A. § 911 et seq., was to establish sound security in favor of loans to ship owners, and the statute accords stated priorities to the mortgage over subsequent contract liens, where, as here, the mortgage has been duly recorded at the home port and the fact endorsed on the vessels' documents. In view of these provisions of the Act, it is my opinion that the proposed repossession of these items of equipment should not be allowed to take place, on the facts sufficiently set forth in the papers submitted, unless there were authority clearly to the contrary.

Therefore, the motion of Prather-Johnston, Inc., to remove the fish pumps and related equipment is in all respects denied, and the possessory libel of Consolidated Fisheries Company is dismissed. The marshal is directed to advertise the sale without excepting these items of equipment.

As to the Fathometers and pertinent equipment, it is agreed by all parties that said equipment should be removed from the vessels prior to the sale or excepted from the sale.

Settle orders.