**CUBAN ATLANTIC SUGAR SALES CORPORATION, Libelant,**

v.

**MARINE MIDLAND TRUST COMPANY OF NEW YORK and Ocean Trading Corporation, Respondents.**

United States District Court
S. D. New York.

Jan. 27, 1959.

Kirlin, Campbell & Keating, New York City, for libelant Clement C. Rinehart, Walter P. Hickey, New York City, of counsel.

Sullivan & Cromwell, New York City, for respondent, Marine Midland Trust Co. of New York. Jerome Gotkin, New York City, of counsel.

Richard Steel, New York City, for respondent Ocean Trading Corp.

FREDERICK van PELT BRYAN, District Judge.

Libelant sues in admiralty to recover $84,247.56 paid to respondent The Marine Midland Trust Company as assignee of respondent Ocean Trading Corporation.

These monies were paid as prepaid freight under a written charter party between libelant and Ocean Trading as time chartered owner of the S. S. Aspromonte for the transportation of a cargo of sugar from Cuba to Japan. Ocean Trading assigned all proceeds of the charter party to Marine Midland, who notified libelant of such assignment. Libelant, having loaded its cargo of sugar aboard the Aspromonte, paid the agreed prepaid freight to Marine Midland as assignee of Ocean pursuant to the assignment.

However, the Master of the Aspromonte refused to sign the bills of lading for the cargo at the instructions of the owner of the vessel (not a party here) and the vessel was withdrawn by the owner from the service of Ocean. Thus the libelant never had performance of Ocean Trading's obligation to transport its cargo of sugar and had to make other arrangements for the carriage.

Libelant claims (a) that the money paid to Marine Midland was paid under a mistake of fact in that it believed that the master of the vessel was about to sign the bills of lading in the ordinary course, whereas in fact he had already been ordered by the owner not to sign them, and (b) that the monies were so paid upon the condition that signed bills of lading would be released.

Respondent Marine Midland has filed exceptions to the libel supported by exceptive allegations. It asserts (1) that the cause of action asserted does not lie in admiralty and that the court has no admiralty jurisdiction, and (2) that in any event there is not a claim upon which relief can be granted.

The contention that the court has no admiralty jurisdiction is based on the theory that the libelant's cause of action is in quasi contract for restitution and therefore is not of a maritime character.

There is no merit to this contention. The action is to recover freight paid under a maritime contract and arises out of such a contract. Failure to perform under the maritime contract must be shown before any question of mistake of fact can arise. Such right as Marine Midland had to receive the payment made was dependent upon the assignment by Ocean Trading of its rights to receive freights under the marine contract. Under such circumstances there is no question that the court had admiralty jurisdiction and such jurisdiction is not avoided merely because the action sounds in quasi contract or other common-law counts. Sword Line, Inc. v. United States, 2 Cir., 228 F.2d 344, on rehearing 2 Cir., 230 F.2d 75, affirmed 351 U.S. 976, 76 S.Ct. 1047, 100 L.Ed. 1493; Archawski v. Hanioti, 350 U.S. 532, 76 S.Ct. 617, 100 L.Ed. 676.

Marine Midland's second contention is based primarily upon exceptive allegations of fact and not on the face of the libel. It is the Bank's theory that its exceptive allegations conclusively negative the existence of a mistake of fact unknown to the libelant which would permit libelant to recover the sum paid by way of restitution and also negative the allegations of the libel that the payment was made on condition that the bills of lading be released. Respondent has mistaken the office of exceptive allegations. It relies largely on exceptive allegations of fact which are unsupported and several of which are mere conclusions. These include the conclusions as to the knowledge of libelant with respect to controlling operative facts and the Bank's own version of the intent of the parties as to the construction to be placed on correspondence accompanying the payment.

It is doubtful that the exceptive allegations, taken at their face value, negative the contrary allegations of the libel. But even if they did the exceptive allegations cannot be taken as true for such purposes. See Reconstruction Finance Corp. v. The Pueblo, D.C.S.D.N.Y., 97 F.Supp. 2; Suspine v. Compania Transatlantica Centroamericana, D.C.S.D.N.Y., 37 F.Supp. 268; Eldridge v. Isbrandtsen Co., D.C.E.D.Pa., 89 F.Supp. 718. Even under the most liberal interpretation of the role of exceptive allegations, conclusions and unsupported statements as to knowledge and intent of the other party, which are determinative here, are not effective to defeat a liberal otherwise sufficient. The Sydfold, 2 Cir., 86 F.2d 611.

It is plain that the libel poses questions as to whether the monies paid by libelant to Marine Midland were paid under a mistake of fact entitling libelant to restitution and as to whether they were paid upon an unfulfilled condition.

These questions can be determined only after answer drawing the issues.

The exceptions and exceptive allegations are therefore overruled.

So ordered.