**UNITED STATES of America**

v.

**F/V SYLVESTER F. WHALEN, its engines, tackle, apparel, furniture, equipment, etc., in rem.**

**No. 218.**

United States District Court
D. Maine, S. D.

June 18, 1963.

Alton A. Lessard, U. S. Atty., Portland, Me., Charles D. Ferris, Atty. Admiralty & Shipping Sec., Dept. of Justice, Washington, D. C., for libelant.

Benjamin Thompson, Portland, Me. for petitioners.

Sidney W. Thaxter, Portland, Me., for intervening petitioner.

GIGNOUX, District Judge.

The F/V Sylvester F. Whalen has been libeled and ordered sold in foreclosure of a Preferred Ship Mortgage held by the United States of America. Raytheon Company has filed an intervening petition seeking reservation of its title to the "Fathometer" and "Radar" equipment aboard the vessel, and asking notification to the United States Marshal that such equipment does not constitute a part of the equipment of the vessel and may be removed by petitioner either before or after the sale. Raytheon's petition is opposed by libelant and by other intervening petitioners, who assert maritime liens upon the vessel.

The material facts are not in dispute. The Fathometer and Radar equipment claimed by Raytheon was leased by it for installation aboard the F/V Sylvester F. Whalen, pursuant to written agreements between Raytheon and the

owner of the vessel, at stipulated monthly rentals for renewable five-year terms beginning August 25, 1956 and July 2, 1957, respectively. By the terms of the leases, which were not recorded, title to the equipment was reserved in Raytheon. On August 20, 1957 the owner of the vessel, as security for the payment of a $75,000 promissory note, executed and delivered to libelant a Preferred Ship Mortgage covering the vessel "together with all her engines, machinery, masts, bowsprits, boats, anchors, cables, chains, rigging, tackle, apparel, fishing equipment of every nature and description, and furniture, and all other appurtenances thereto appertaining and belonging, and also any and all additions, improvements and replacements hereinafter made in or to said vessel, or any part thereof, or in or to her equipment, and fishing equipment, and appurtenances aforesaid." The validity of the mortgage and its status as a Preferred Ship Mortgage are not contested. The sole issue presented is whether the Fathometer and Radar equipment installed aboard the F/V Sylvester F. Whalen became a part of the vessel and thus subject to libelant's Preferred Ship Mortgage, despite the provisions in the leases reserving title in Raytheon.

 It is well settled that items of equipment installed aboard a vessel, which become an integral part of the vessel and are essential to its navigation and operation, are subject to the maritime liens upon the vessel, regardless of who the actual owner may be. Turner v. United States, 27 F.2d 134 (2d Cir., 1928); First Suffolk Nat'l Bank of Huntington v. The Air Brant, 125 F. Supp. 709 (E.D.N.Y.1954); The Showboat, 47 F.2d 286 (D.Mass.1930); The Augusta, 15 F.2d 727 (E.D.La.1920); The Frolic, 148 F. 921 (D.R.I.1906). That the Fathometer and Radar Equipment here involved became a part of the F/V Sylvester F. Whalen and was essential to its navigation and operation as a fishing vessel can hardly be doubted. It is conceded that the primary use of the radar equipment was for navigation of the vessel, and that the fathometer equipment was both a navigational aid and directly related to its fishing operations. It is likewise clear that today both Fathometer and Radar equipment are part of the usual equipment of fishing vessels of any size. Under these circumstances, the Court is satisfied that this equipment became an integral part of the F/V Sylvester F. Whalen and subject to the maritime liens upon that vessel. Cf. Turner v. United States, supra (refrigerating machinery owned by charterer held part of refrigerated vessel and subject to lien for collision damages); First Suffolk Nat'l Bank v. The Air Brant, supra (fish pumps and related equipment under conditional sales agreements held part of fishing vessels and subject to lien of fleet mortgage); The Augusta, supra (leased wireless equipment held part of steamer and subject to lien for collision damages); The Frolic, supra (leased chronometer held part of schooner and subject to seizure and condemnation for violation of Chinese Exclusion Acts). W. R. Grace & Co. v. Charleston Lighterage & Transfer Co., 95 F.Supp. 249 (E.D.S.C.1951); The Hirondelle, 21 F.Supp. 223 (S.D.Ala. 1937); and The Showboat, 47 F.2d 286 (D.Mass.1930), upon which Raytheon relies, are clearly distinguishable. In each of these cases, the court first found that the equipment to which the petitioner sought to reserve title had not been installed for any purpose related to the navigation and operation of the vessel as such. To the extent that the results reached in San Diego Trust & Savings Bank v. The Linda Lee, 1949 A.M.C. 324 (S.D.Cal.1947) (leased radio equipment held not subject to maritime liens upon fishing vessel) and Nat'l Bank of Commerce of Seattle v. The John T., 1949 A.M.C. 328 (W.D.Wash.1947) (leased submarine signal equipment held not subject to maritime liens upon fishing vessel) are in conflict with the views here expressed, this Court respectfully disagrees.

For the foregoing reasons, Raytheon's petition to reserve title is Denied.