### KILB v. MENKE.

No. 9862.

Circuit Court of Appeals, Fifth Circuit.

Aug. 2, 1941.

Edwin H. Grace, M. A. Grace, and Daniel H. Grace, all of New Orleans, La., for appellant.

Gibbons Burke, of New Orleans, La., for appellee.

Before FOSTER, SIBLEY, and HUTCHESON, Circuit Judges.

SIBLEY, Circuit Judge.

The District Court as a court of admiralty decreed to the libellant J. W. Menke the ownership and possession of "the unrigged yacht Markatana, her tackle, apparel and furniture, and of the steam yacht Kalitan, her engines, boiler, tackle, apparel and furniture" and that the marshal deliver possession accordingly of "said vessels Markatana and Kalitan." By a supplemental assignment of error the question of jurisdiction in admiralty was for the first time raised, because there is no finding of fact that the Markatana and Kalitan were vessels engaged in commerce and navigation, and because in fact they were not, but were, when libelled, laid up and out of commission. All other questions are waived. The evidence taken in the trial has not been brought up, but a stipulation of certain facts has been filed, of which the most pertinent parts are: The unrigged yacht Markatana is a large houseboat without motive power and without rudder. She was towed by the steam yacht Kalitan to Bayou Grosse Tete, Louisiana, about Dec. 8, 1936, and remained there moored to the bank until Nov. 28, 1940, when appellant Kilb, having taken possession of her, towed her to the New Basin Canal, New Orleans, where she was seized by the warrant issued in this case. The steam yacht Kalitan was also moored to the bank at Bayou Grosse Tete from Dec. 8, 1936, till Nov. 28, 1940, when seized under the warrant. During that time the enrollment of both was maintained with the Department of Commerce of the United States in the name of Mrs. Catherine Dere Butterworth as owner and Capt. Harry Short as master thereof. The last inspection certificate for the Kalitan authorizing its use in navigation as a steam vessel was July 7, 1938, and expired July 7, 1939.

We are bound to examine the question of jurisdiction, though belatedly raised. Sound Marine & Machine Corporation v. Westchester County, 2 Cir., 100 F. 2d 360; Mansfield, C. & L. M. R. Co. v. Swan, 111 U.S. 379, 4 S.Ct. 510, 28 L.Ed. 462. There may be federal jurisdiction by reason of diversity of citizenship, but only the residence of the parties and not their citizenship appears in the pleadings, and no value is alleged for the property. The jurisdiction actually invoked and exercised is that in admiralty. Admiralty jurisdiction, especially in petitory and possessory suits, exists only in respect of ships or vessels engaged in navigation or commerce, and not over hulks, or vessels that have been permanently taken out of such use. Admirality Rule 19, 28 U.S.C.A. following section 723; Snyder v. A Floating Dry Dock, D.C., 22 F. 685; The Hendrick Hudson, Fed.Cas. No. 6, 355; Hayford v. Doussony, 5 Cir., 32 F.2d 605; The Alabama, C.C., 22 F. 449. In Perry v. Haines, 191 U.S. 17, at page 30, 24 S.Ct. 8, at page 12, 48 L.Ed. 73 it is said in discussing a canal boat: "In fact, neither size, form, equipment, nor means of propulsion are determinative factors upon the question of jurisdiction, which regards only the purpose for which the craft was constructed, and the business in which it is engaged."

The libel alleges and the answer admits that the Markatana and Kalitan are respectively an unrigged yacht and a steam yacht,* of 262 and 195 tons burden, and that Kilb claims title under a conveyance from the master made in November, 1940. We infer the master was still in charge. Kilb's sworn answer, not withdrawn or amended, also contains an express admission of the admiralty jurisdiction. The libel further alleges each was built in another State than Louisiana, and their home port was Chicago, Illinois.

We think it fair to conclude that these enrolled vessels were engaged in navigation before they were tied up. Neither was dismantled since in any way, and neither was put to any other use. The enrollment stood, and the master at least remained in charge. The inspection certificate of the steam yacht was allowed to expire, but another inspection could have been had and there is nothing to show the vessel would not pass it. Both vessels were bought by Kilb and by Menke, the

---

* Yachts are specially named in the navigation statutes: 46 U.S.C.A. §§ 103–109, 223, 404, 569; 5 U.S.C.A. § 600.

former dealing with the master and the latter with the owner. It may fairly be assumed, in the absence of contrary evidence, that both intended to navigate them again. Kilb indeed before the libel was filed had actually caused the navigation of the Markatana to New Basin Canal and thus put her back into service.

We see no sufficient cause on this question of fact to upset the jurisdiction in admiralty, which the appellant hitherto has admitted. The findings and decree implicitly adjudge jurisdiction. If an explicit finding is needful, we now supply it, and declare the judgment affirmed.