### LOZNICKA v. THE SCORPIO.

### CAMPBELL v. LOZNICKA.

#### No. 77–J.

United States District Court
S. D. Florida, Jacksonville Division.
Dec. 15, 1948.

E. C. Coffee, Jr., of Jacksonville, Fla., for libelant.

Harry Martin, of Jacksonville, Fla., for cross-respondent.

Martin H. Long, of Jacksonville, Fla., for respondent Meredith P. Campbell, cross-libelant and owner of American Yacht, Scorpio.

DE VANE, District Judge.

Libelant brought this proceeding in rem against American Yacht Scorpio, her boats, tackle, etc., to recover $1,589.27 claimed as the balance due for work done on the yacht.

Meredith F. Campbell, claiming to be the owner of the yacht, filed an answer to the libel denying that any amount was due libelant. Thereafter, Campbell filed a cross-libel naming libelant as cross-respondent, in which he claimed $25,000 as damages done to the yacht while the same was being placed in operating condition by libelant and cross-respondent.

Cross-libelant alleges that he purchased a Navy hull lying at St. Marys, Georgia

and had her towed to the Port of Jacksonville, Florida for the purpose of having her rebuilt, renovated and changed from a Navy bomb target boat into a pleasure yacht and to that end he engaged cross-respondent to do the work for him. During the progress of the work and because of the alleged unsatisfactory workmanship cross-libelant stopped the work on the boat and took it elsewhere for reconversion. Cross-respondent filed exceptions to the cross-libel and a motion to dismiss the libel and cross-libel and the case is now before the court on the exceptions and motion to dismiss for lack of jurisdiction.

The question of jurisdiction having been suggested the court is required to examine same. See Kilb v. Menke, 5 Cir., 121 F.2d 1013.

The United States Code, 46 U.S.C.A. § 741, provides that no vessel owned by the United States or by a corporation in which the United States or its representatives shall own the entire outstanding capital stock, or in the possession of the United States shall be made the subject of libel.

As stated above, cross-libelant alleges that he purchased a Navy hull and had her towed from St. Marys, Georgia to Jacksonville, Florida for the purpose of having her rebuilt, renovated and changed from the form of a Navy bomb target boat into a pleasure yacht. It is this allegation that raises the question of the jurisdiction of this court to entertain this suit in Admiralty. Admiralty jurisdiction exists only in respect of ships or vessels engaged in navigation or commerce and not over hulls or vessels that have been permanently taken out of such use or never put to such use. Yachts are included in this classification. See Kilb v. Menke, supra, and cases there cited.

The only reported case to which the court's attention has been called, dealing with this precise question, is The George L. Harvey case, D.C., 273 F. 972. That case holds that claims for labor and materials furnished and used in converting a war vessel, after its sale by the Navy Department, into a vessel of commerce and trade are not claims that may be enforced in Admiralty. See also: Thames Towboat Company v. Schooner Francis McDonald et al., 254 U.S., 242, 41 S.Ct. 65, 65 L.Ed. 245.

This court agrees with the decision of the court in The George L. Harvey case and the libel and cross-libel will be dismissed for want of jurisdiction.