**DATASTORM TECHNOLOGIES, INC., Plaintiff,**

v.

**EXCALIBUR COMMUNICATIONS, INC., Defendant.**

No. C–95–20088 RPA (PVT).

United States District Court, N.D. California.

June 7, 1995.

G. Gervaise Davis III, Davis & Schroeder, Monterey, CA.

Joshua Tropper, Greene, Chauvel & Descalso, San Mateo, CA.

Frank J. Catalano, Catalano, Zingerman & Associates, Tulsa, OK.

## ORDER DENYING EXCALIBUR'S MOTION TO DISMISS

AGUILAR, District Judge.

Datastorm Technologies, Inc. ("Datastorm") alleges in this lawsuit that Excalibur Communications, Inc. ("Excalibur") has infringed its copyright in the PROCOMM PLUS for Windows, Version 1.0 software program ("PROCOMM PLUS") in violation of 17 U.S.C. § 106. Specifically, Datastorm alleges that Excalibur copied the "WMODEMS.DAT" file from the PROCOMM PLUS program. Excalibur now moves for a Motion to Dismiss for Failure to State a Claim Upon Which Relief can be Granted pursuant to Fed.R.Civ.P. 12(b)(6). The matter was scheduled for hearing on May 26, 1995, but was deemed submitted without oral argument by order of the Court. For the reasons expressed below, Excalibur's motion is DENIED.

## BACKGROUND

Datastorm provides computer communications software programs to end users. One of its products is PROCOMM PLUS for Windows, Version 1.0. Datastorm was issued a Certificate of Registration by the Copyright Office for PROCOMM PLUS effective October 1, 1993. PROCOMM PLUS consists of a group of separate file modules, including a file entitled "WMODEM.DAT." This file permits the user to specify the particular manufacturer of his or her modem, and to use the desired characteristics of the selected modem. "WMODEM.DAT" is a compilation of selected modems and other items of information, known as "Initialization Strings." According to Datastorm, Excalibur has distributed a computer program entitled "EXCALTRM.EXE." Within this program, Datastorm alleges, is a file called "MODEMS.EXC" which contains a list of modems and Initialization Strings "substantially identical" to Plaintiff's "WMODEM.DAT" file. Thus, Datastorm asserts that Excalibur copied the list of modems from Datastorm's "WMODEM.DAT" file and incorporated it into the "MODEMS.EXC" file.

## DISCUSSION

### I. THE LAW

#### A. *Legal Standard on a Motion to Dismiss*

Under the liberal federal pleading policies, a plaintiff need only give defendant fair notice of the claims against it. *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). A claim should not be dismissed unless it is certain that the law would not permit the requested relief even if all of the allegations in the complaint were proven true. *Durning v. First Boston Corp.,* 815 F.2d 1265, 1267 (9th Cir.1987), *cert. denied,* 484 U.S. 944, 108 S.Ct. 330, 98 L.Ed.2d 358 (1987). Therefore, for purposes of this motion to dismiss, the Court assumes the truth of all factual allegations in the complaint, as well as all reasonable inferences drawn from them.

In deciding a motion to dismiss, the court is not limited by the allegations contained in the complaint if the complaint is accompanied

by attached documents. Such documents are deemed part of the complaint and may be considered in determining whether the plaintiff can prove any set of facts in support of the claim. *Durning* at 1267.

### B. *Copyright Infringement*

■ To prevail on its claim of copyright infringement, Datastorm must prove ownership of a valid copyright in the PROCOMM PLUS computer program, and that Excalibur infringed upon Datastorm's exclusive right to reproduce the program. *See S.O.S., Inc. v. Payday, Inc.,* 886 F.2d 1081, 1085 (9th Cir.1989).

## II. ANALYSIS

### A. Datastorm's Amendment to the Original Complaint

■ Excalibur filed a Motion to Dismiss Datastorm's original complaint on March 17, 1995. While that Motion was pending, Datastorm amended the complaint to add Excalibur's president, Eric Bruce Weber, as a defendant. A complaint that has been amended pursuant to Fed.R.Civ.P. 15(a) supersedes the pleading it modifies, rendering the original pleading void. *Loux v. Rhay,* 375 F.2d 55 (9th Cir.1967); 6 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure,* § 1476 at 556–557 (2d ed. 1990). Although Excalibur's Motion to Dismiss is directed at the original complaint, which is now void, the Court will not require Excalibur to file another Motion to Dismiss directed at the First Amended Complaint. The original complaint was only amended to add a new party. This amendment does not effect the defects to which Excalibur bases its Motion to Dismiss. Accordingly, the Court will consider the Motion to Dismiss to be directed at the First Amended Complaint. For the Court to do otherwise would exalt form over substance. *Patton Elec. Co. v. Rampart Air, Inc.,* 777 F.Supp. 704, 712 (N.D.Ind.1991); 6 Wright, Miller & Kane, *Federal Practice and Procedure,* § 1476 at 556–558 (2d ed. 1990).

### B. Excalibur's Motion to Dismiss

In support of the motion to dismiss, Excalibur argues that Datastorm does not possess a valid copyright to the WMODEMS.DAT file in the PROCOMM PLUS program. Excalibur bases this conclusion on Datastorm's failure to sufficiently answer Question 6B in the Application for Copyright Registration submitted to the Copyright Office. Question 6B of the application is to be answered where a compilation [1] is the subject of the copyright. It requires the applicant to "[g]ive a brief, general statement of the material that has been added to this work and in which copyright is claimed." In response to Question 6B, Datastorm wrote "N/A" followed by "[COMPLETE PROGRAM]." Excalibur asserts that this answer is insufficient. Instead, Datastorm should have responded that, "[t]he WMODEMS.DAT file is a compilation." In essence, Excalibur asserts that Datastorm's response constituted fraud on the copyright office, thereby precluding enforcement of the copyright over the WMODEMS.DAT file.

■ Registration is not a prerequisite to a valid copyright, although it is a prerequisite to suit. 17 U.S.C. §§ 408(a), 411; *S.O.S., Inc.,* 886 F.2d at 1085. A certificate of registration made within five years of first publication is prima facie evidence of the validity of the copyright. 17 U.S.C. § 410(c); *S.O.S., Inc.* at 1085. Inaccuracies in copyright registration may bar actions for infringement. *Id.* at 1086. However, enforcement of a copyright is precluded only if the inaccuracies were entered with the intent to defraud and the infringing party was prejudiced by such inaccuracies. *Id.,* citing *Harris v. Emus Records Corp.,* 734 F.2d 1329, 1335 (9th Cir.1984).

■ In a motion to dismiss, the Court must assume the truth of all factual allegations in the Complaint and any attached documents. *Durning,* 815 F.2d at 1267. Here, Datastorm has alleged that it holds a valid copyright to the PROCOMM PLUS program. Supporting this allegation, Datastorm

---

**1.** A compilation is a work formed by the collection and assembling of preexisting materials or of data that are selected, coordinated, or arranged in such a way that the resulting work as a whole constitutes an original work of authorship. 17 U.S.C. § 101.

attached to the complaint a stamped Certificate of Registration from the Copyright Office regarding the PROCOMM PLUS computer program. This Certificate constitutes prima facie evidence of a valid copyright. *See* 17 U.S.C. § 410(c); *see also S.O.S., Inc.* at 1085. While the Certificate only grants the holder the presumption of a valid copyright, such a presumption is strong in a motion to dismiss since the court must assume all factual allegations are true.

Here, Excalibur's only argument to rebut the presumption is that Datastorm committed fraud on the Copyright Office by providing an insufficient answer on the application. Fraud on the Copyright Office requires an intent to defraud by the copyright holder and prejudice to the infringing party. *Harris,* 734 F.2d at 1335. While it is questionable whether Excalibur has met either requirement, such a determination will not be made at this time. To do so would require the Court to go outside the pleadings and render a factual determination. Such action is improper in a motion to dismiss for failure to state a claim, and is more appropriate in a motion for summary judgment.

## CONCLUSION

Assuming all of Datastorm's allegations as true, Excalibur has failed to show that the law would not permit the requested relief. Datastorm has alleged a valid copyright and infringement of that copyright by Excalibur. While Excalibur has argued that Datastorm does not hold a valid copyright over the "WMODEM.DAT" file, in a motion to dismiss this Court declines to make the factual determination necessary for such a finding. Accordingly, Excalibur's Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b)(6) is DENIED.

IT IS SO ORDERED.