Emre E. DLUHOS, Plaintiff,

v.

The FLOATING AND ABANDONED VES-
SEL, KNOWN AS "NEW YORK" Ex
Official Number 127168, Now in the Erie
Canal System located at Waterford, New
York near Troy/Albany, New York,
Abandoned in excess of four years in the
Erie Canal System, Defendants.

No. 96–CV–522 (DRH).

United States District Court,
N.D. New York.

Sept. 26, 1997.

Emre E. Dluhos, Belleville, NJ, pro se.

Dennis C. Vacco, Atty. Gen. for State of
N.Y., Albany, NY, for State of N.Y., Senta B.
Siuda, Asst. Atty. Gen., of counsel.

Richard Anderson, Acting Chairman
Friends of Catawissa, New York City, pro se.

## MEMORANDUM–DECISION
## AND ORDER

HOMER, United States Magistrate Judge.

Presently pending are the motions of
claimant State of New York ("the State") to
dismiss this action for lack of subject matter
jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1)
(Docket No 65) and of plaintiff Emre E.
Dluhos ("Dluhos") to declare the State's sta-
tus in this action (Docket No. 56), impose
sanctions against claimant Friends of the
Catawissa for discovery violations (Docket
No. 62), and file a third amended complaint
(Docket No. 67). For the reasons which

follow, the State's motion to dismiss is granted and Dluhos' motions are denied.

## I. Background

The vessel "New York" ("the vessel") was launched in 1896 under the name, the "Catawissa." First Amended Compl. (Docket No. 13), ¶ 3. As it passed through the Erie Canal over four years ago, the vessel began to leak oil into the canal and was tied off at a location within the canal near Waterford, New York.[1] The vessel was then abandoned by its owner. The oil leakage was cleared by the State, which operates the canal. The vessel has remained at the same general location within the canal since that time. Following the vessel's abandonment, Dluhos claimed it by, among other things, boarding the vessel and posting notices on board of his claimed ownership.

Dluhos filed his original complaint in this action on March 29, 1996. The complaint named the vessel and the State as defendants and asserted jurisdiction both in admiralty and, if that failed, diversity. Docket No. 1. The State answered. Docket No. 4. At a hearing on motions on July 18, 1996, the State's answer was deemed a claim for purposes of admiralty jurisdiction and Dluhos was directed to publish notice of the action in accordance with Rule C(4), Supplemental Rules for Certain Admiralty and Maritime Claims ("Supplemental Rules"). Docket No. 12. Dluhos filed an amended complaint, and then a second amended complaint, both asserting jurisdiction solely in admiralty. Docket Nos. 13 & 38. The National Maritime Historical Society ("Historical Society"), a not-for-profit corporation, filed a claim seeking to preserve the vessel for its historical value. Docket Nos. 14 & 28.[2]

There followed a series of motions and proceedings in which Dluhos sought to effect the arrest of the vessel and to be appointed its custodian pending resolution of this action in accordance with Supplemental Rules D and E. Issuance of the warrant of arrest and appointment of Dluhos as custodian were denied pending the posting of a $5,000 bond by Dluhos. Docket Nos. 29, 35, 45 & 54. Dluhos was unable to post bond, the State advised it intended to file a dispositive motion, and all further proceedings were stayed pending resolution of that motion. Docket No. 64.

## II. Discussion

### A. The State's Motion to Dismiss and Dluhos' Motion to File a Third Amended Complaint

The State has moved to dismiss the second amended complaint on the ground that because the vessel has not been arrested, this Court lacks subject matter jurisdiction. Dluhos has opposed the motion and has cross-moved to file a third amended complaint asserting diversity jurisdiction only. Docket No. 67. Friends of the Catawissa have not opposed the motion.

■ Dluhos' original complaint alleged jurisdiction in admiralty and, "[i]f admiralty in rem fails," in diversity. Docket No. 1, p. 1. In his first and second amended complaints, however, Dluhos alleged jurisdiction only in admiralty. Docket Nos. 13 & 38. Prior to the States's present motion, Dluhos evidenced every intention of proceeding solely in admiralty. Moreover, an amended complaint ordinarily supersedes any prior complaint and "renders [any prior complaint] of no legal effect." *Intern. Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir.1977), *cert. denied*, 434 U.S. 1014, 98 S.Ct. 730, 54 L.Ed.2d 758 (1978); see also *Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir.1994); *Datastorm Tech., Inc. v. Excalibur Communications*, 888 F.Supp. 112, 114 (N.D.Cal.1995). Accordingly, it is only the allegations of the second amended complaint which must be considered on this motion.[3]

---

1. Waterford is located approximately fifteen miles north of Albany in Saratoga County.

2. The Friends of the Catawissa, another not-for-profit organization interested in preserving the vessel for its historical value, succeeded to the claim of the Historical Society. Docket Nos. 52 & 61.

3. Dluhos contends that his reference in the cover sheet of his original complaint to Fed.R.Civ.P. 9(h) supports his motion to transform his claim of jurisdiction from admiralty to diversity. In light of the two succeeding complaints, however, the assertions associated with the original complaint are "of no legal effect."

In his second amended complaint, Dluhos seeks title to the vessel in this **"IN REM Action in Admiralty."** Docket No. 38, pp. 2 & 13 (emphasis in original). This action thus constitutes a petitory[4] admiralty action. Federal courts have jurisdiction over "[a]ny civil case of admiralty or maritime jurisdiction." 28 U.S.C. § 1333(1). However, before a court may exercise jurisdiction in an *in rem* admiralty action, the defendant vessel must be arrested within the court's territorial jurisdiction. *Goodman v. 1973 26 Foot Trojan Vessel,* 859 F.2d 71, 74 (8th Cir.1988). Supplemental Rule C requires the filing of a verified complaint, and provides for the issuance of a warrant for the arrest of the vessel. *See Transorient Navigators Co. v. M/S Southwind,* 788 F.2d 288, 291 (5th Cir.1986). Jurisdiction over the vessel, or *res,* is obtained by arrest under process of the court, and "[i]n the absence of an arrest, no decree *in rem* can be rendered against the *res."* *Alyeska Pipeline Service Co. v. Vessel Bay Ridge,* 703 F.2d 381, 384 (9th Cir.1983), *cert. dismissed,* 467 U.S. 1247, 104 S.Ct. 3526, 82 L.Ed.2d 852 (1984).

Here, the vessel was never arrested. Dluhos attempted to do so but was unable to post the bond required to secure issuance of a warrant of arrest[5] despite the grant of additional time to do so. In the absence of a satisfactory bond, Dluhos' request for the issuance of a warrant of arrest was denied. Docket No. 54. Without the arrest of the vessel, this Court lacks jurisdiction over the claim for title alleged in the second amended complaint.

In his opposing papers, Dluhos does not contest the absence of *in rem* admiralty jurisdiction. He contends, however, that this action should now be converted to one in diversity rather than admiralty. For the first time in response to the State's motion, Dluhos asserts that the vessel no longer has navigational functioning capacities and under the dead ship doctrine no longer has status as a vessel. *See Kilb v. Menke,* 121 F.2d 1013, 1014 (5th Cir.1941); 28 U.S.C. § 1333 et seq. He contends that arrest is, therefore, not required as the vessel "is not going anywhere."

The vessel retains a navigable function although it is not navigable at this time. "Merely because a ... boat is in need of repair does not mean that it has no further navigation function." *Goodman,* 859 F.2d at 73. Further, "a boat stored in dry dock has not necessarily been withdrawn from navigation." *Id.* In a Fifth Circuit case, a vessel that was engaged in navigation before it was unrigged and left without motor and rudder, was still subject to admiralty jurisdiction as it was not dismantled or put to any other use, and no intent was shown to take the boat out of navigation. *Kilb v. Menke,* 121 F.2d at 1014.

Here, there is no evidence to support Dluhos' claim that the vessel falls within the scope of the dead ship doctrine. The vessel remains in the canal, albeit in need of repair. It remained in use until its abandonment by its prior owner. Moreover, Dluhos himself has stated that the vessel is not embedded or submerged and remains "floating in navigable waters of the United States." Docket No. 38, p 5.[6] On this record, then, Dluhos' present argument that the vessel is governed by the dead ship doctrine must be rejected.

Next, Dluhos moves pursuant to Fed. R.Civ.P. 15(a) for leave to file a third amended complaint in which he would discontinue his claim of admiralty jurisdiction and assert

---

4. In admiralty suits to try title to property independent of questions concerning possession are referred to as petitory suits.... A possessory action is one in which a party seeks to adjudicate the right to possess property wrongfully taken.... Petitory actions and actions for possession are *in rem* actions analogous to the common law remedies of replevin and detinue.

*Hunt v. A Cargo of Petroleum Products,* 378 F.Supp. 701, 703 (E.D.Pa.), *aff'd,* 515 F.2d 506 (3d Cir.), *cert. denied,* 423 U.S. 869, 96 S.Ct. 132, 46 L.Ed.2d 98 (1975); *see also Silver v. Sloop*

*Silver Cloud,* 259 F.Supp. 187, 191 (S.D.N.Y. 1966).

5. The bond was established as the estimated minimum amount required to obtain insurance for the vessel during the pendency of this action. Docket No. 54. *See* 28 U.S.C. §§ 1921(a)(1)(E) & (2), 2464; Supplemental Rule E(4)(e).

6. Dluhos made these allegations in his second amended complaint in support of his contention that the Abandoned Shipwreck Act of 1987, 43 U.S.C. § 2101 et seq., does not apply to this case.

diversity jurisdiction. First, that motion is untimely. The Uniform Pretrial Scheduling Order (Docket No. 24) established a deadline of October 31, 1996 for amendment of pleadings. Dluhos in fact filed his motion to file a second amended complaint on October 28, 1996. Docket No. 26. That deadline has not been extended.[7]

■ Moreover, as contended by the State (Docket No. 69), Dluhos' assertion of diversity jurisdiction cannot succeed because his entire claim of title to the vessel is based on the law of finds, a concept grounded in admiralty. *See Zych v. Unidentified, Wrecked and Abandoned Vessel*, 941 F.2d 525, 531 (7th Cir.1991); *Sindia Expedition v. Wrecked & Abandoned Vessel*, 895 F.2d 116, 120 (3d Cir.1990); *T.N.T. Marine Service, Inc. v. Weaver Shipyards & Dry Docks, Inc.*, 702 F.2d 585, 587 (5th Cir.), *cert. denied*, 464 U.S. 847, 104 S.Ct. 151, 78 L.Ed.2d 141 (1983). Thus, even if Dluhos were permitted to assert a claim to title of the vessel under diversity jurisdiction, the claim would be treated as one grounded in admiralty and would be dismissed again for failure to satisfy an essential requirement for admiralty jurisdiction. Thus, Dluhos' contention that the case should be recast in diversity jurisdiction must also be rejected because it would be futile. *See Mackensworth v. S.S. American Merchant*, 28 F.3d 246, 251 (2d Cir.1994); *John Hancock Mut. Life Ins. Co. v. Amerford Intern. Corp.*, 22 F.3d 458, 462 (2d Cir.1994).

For these reasons, then, the State's motion to dismiss this action for lack of subject matter jurisdiction is granted, and Dluhos' motion for leave to file a third amended complaint is denied.

**B. Dluhos' Motions**

In light of the dismissal of this action, Dluhos' motions to declare the State's status in this action [8] and for sanctions against the Friends of the Catawissa for discovery violations are moot. For that reason, those motions are denied.

### III. Conclusion

**WHEREFORE,** for the reasons stated above, it is hereby

**ORDERED** that the motion of claimant New York State to dismiss (Docket No. 65) is **GRANTED;** and it is further

**ORDERED** that the motions of plaintiff Emre E. Dluhos for leave to file a third amended complaint (Docket No. 67), for the State to declare its status (Docket No. 56), and for sanctions against claimant the Friends of the Catawissa (Docket No. 62) are **DENIED;** and it is further

**ORDERED** that the Clerk of the Court serve a copy of this Order, by regular mail, upon the parties to this action.

**IT IS SO ORDERED.**

---

7. The scheduling order further states in the first paragraph that "[t]he deadlines set in this scheduling order are firm and will not be extended, even by stipulation of the parties, absent good cause." *See also* Fed.R.Civ.P. 16(b); N.D.N.Y.L.R. app. A, p. 7.

8. The State has asserted various interests in the vessel. One of its agencies operates the Erie Canal and seeks the removal of the vessel from the canal, where the vessel continues to pose a risk to individuals and vessels. Another agency of the State seeks to recover costs incurred in clearing the oil leaked from the vessel. A third agency asserts an interest in preserving the vessel for its historical value. Dluhos' motion seeks a determination whether the State proceeds in this case as a party or as amicus curiae. The State has advised that it does not proceed at this time as amicus curiae. Docket No. 58. The State filed a claim and an answer and is, therefore, deemed a party to the action for all purposes. Supplemental Rule C(6).